## Hale v. Tennessee Coal, Iron & R. R. Co.

### Bill to Quiet Title.

(Decided June 19, 1913.   62 South. 783.)

1. *Adverse Possession; Extent of; Color.*—The doctrine of the extension of possession to the confines of that described in the color of title is predicated only on the actual possession of a part, at least, of the land described; and an instrument otherwise ineffectual affords color of title only to the land described therein.

2. *Appeal and Error; Record; Matters Not Included.*—Where witnesses testified as to the location of a fence by reference to maps made exhibits to their depositions, the Chancellor's conclusion on the facts cannot be reviewed where the maps are not set out in the transcript.

APPEAL from Birmingham City Court.

Heard before Hon. H. A. SHARPE.

Bill by Hugh K. Hale against the Tennessee Coal, Iron & Railroad Company to quiet title to certain lands. Decree for respondent and complainant appeals. Affirmed.

CARMICHAEL & WINN, for appellant. Under the evidence, appellant had so used the land as to have ac-

quired title thereto by adverse possession, and the court erred in the judgment rendered.—*Goodson v. Brothers,* 111 Ala. 589; *Brand v. U. S. Car Co.,* 128 Ala. 579; *Owen v. Moxen,* 52 South. 527; 1 Cyc. 983, et seq, and cases cited; 157 Ala. 23. The case of *Rucker v. Jackson,* relied on by appellee is without application to the case made here.

PERCY, BENNERS & BURR, for appellee. The question raised by appellant as to the allowance by the court of an amendment setting up a deed acquired by appellee after the filing of the suit, is settled adversely to him in the case of *Rucker v. Jackson,* 60 South. 137. No such possession was shown of the land either actually or under color of title, as to authorize the relief prayed for.—*Chastang v. Chastang,* 141 Ala. 463; *McDaniel v. Sloss-Sheffield,* 152 Ala. 414; *Lyon v. Arndt,* 142 Ala. 486; *White v. Cotner,* 54 South. 114; *Holland v. Coleman,* 50 South. 128; *Vanderbilt v. So. Min. L. Co.,* 51 South. 983.

McCLELLAN, J.—This bill was filed by the appellant against the appellee, and invoked the jurisdiction of equity to determine the title, claim, etc., of respondent, to 12 acres of land in Jefferson county.—Code, §§ 5443-5448.

After the respondent had answered propounding its claim (Code, § 5445), it sought to amend, and was so permitted by the court, its answer by adding thereto the description of conveyances (to the respondent) which were executed subsequent to the filing of this bill. The complainant moved the court to strike the amendment to the answer, for that it introduced in assertion or justification of respondent's claim of title conveyances executed subsequent to the filing of the bill.

The office and object of proceedings of this character is to determine the status of right or claim at the time the decree is rendered; and, in consequence, the motion to strike was properly overruled.—*Rucker v. Jackson,* 180 Ala. 109, 60 South. 139.

The respondent claimed title through conveyances leading from it back to the government. As appears, the record title was in it. The complainant relied on adverse possession. A controlling question of fact before the primary court was whether the complainant's old fence enclosed *a part* of the 12 acres in controversy; and, if so, his color of title, under which he avows he claimed, would extend his possession to the area described in his color of title. So a vital element of the issue before stated was whether the stated inclosure actually embraced land within the call of the instrument relied on as color of title. An instrument, otherwise ineffectual, can only afford color of title to lands described in it; and the doctrine of extension of the possession to the confines of that described can only be predicated on an actual possession of a part, at least, of the land so described.

The evidence upon the issue stated was in immediate conflict. In the deposition of Joy and Miller, witnesses for respondent in whose favor the court pronounced, they appear to have testified at length with reference to a map showing the survey of the land in this relation and the location of the important line. This map was made an exhibit (Z) to the deposition of Joy. Another map, referred to in the testimony of the witness Strickland, appears to have been made Exhibit A thereto. In the state of the issue these maps were, necessarily, important in the solution thereof. The submission in the primary court made these maps or diagrams evi-

dence to be considered. Neither of these maps appears in this transcript.

Where, as here, it affirmatively appears that there was evidence before the chancellor which is not set out in the record in this court, the conclusion of the chancellor on the facts cannot be reviewed.—*Jefferson v. Sadler,* 155, Ala. 537, 46 South. 969.

If the contest is considered without reference to the factor introduced by the claim of possession under color of title, the evidence is insufficient to show possessio pedis of any definite particular part, or the whole of the 12 acres described in the bill.—*Bowles v. Lowery,* 181 Ala. 603, 62 South. 107. The decree is affirmed.

Affirmed.

DOWDELL, C. J., and SAYRE and SOMERVILLE, JJ., concur.