(77 South. 688)

DANCY et al. v. RATLIFF et al. (8 Div. 1.)

(Supreme Court of Alabama. Nov. 15, 1917. On Rehearing, Jan. 24, 1918.)

1. ESTOPPEL &#8681;110—NECESSITY OF PLEADING.

In a suit to enjoin the making of a road improvement whereby surface water would be diverted into a stream, which it was claimed would injure complainant's property, the defense that complainants were estopped by their acquiescence in, or consent to, the improvement, was not available when not specially set up by plea or answer.

On Rehearing.

2. APPEAL AND ERROR &#8681;695 (3)—REVIEW — OMISSION OF EXHIBITS.

Conceding that a diversion of surface water so as to cause it to overflow or injure complainant's land as a result of a road improvement would amount to a taking of such land as distinguished from resulting or consequential damages and that the value of the improvement could not be set off against the value of the property taken, still a judgment denying an injunction to restrain the improvement must be affirmed where the court found that complainant's property was neither taken nor injured and maps and photographs before the trial court which may have been a material factor in forcing such conclusion were not brought before the Supreme Court.

Appeal from Law and Equity Court, Morgan County; Thomas W. Wert, Judge.

Suit by Unity D. Dancy and others against James M. Ratliff and another. From a decree for defendants, complainants appeal. Affirmed.

E. W. Godbey, of Decatur, for appellants. Wert & Hutson, of Decatur, for appellees.

ANDERSON, C. J. The bill in this case sought an injunction restraining the county of Morgan from making certain extensions or improvements of its public road in the nature of deepening a certain ditch and laying tiling for the purpose of draining a certain basin and which the complainants contend would divert the surface water from its natural flow and swell the quantity above what would ordinarily flow into the "Orr branch" and which will result in injury to their property. The bill seems to proceed under section 235 of the Constitution as heretofore construed in the case of Dallas County v. Dillard, 156 Ala. 354, 47 South. 135, 18 L. R. A. (N. S.) 884. It may therefore be conceded that the complainants would be entitled to relief if the proof

showed that their property would be damaged as a result of said enlargement, extension, or improvement; but, after a careful consideration of this record, the court is of the opinion that the complainants' property will not be materially damaged. The only possible damage that can result to the complainants is that the increase of the volume of the water into the Orr branch may tend to injure the complainants' spring by contributing to certain overflows, thus depriving them of the temporary use of same as well as polluting, to some extent, the water. It is true this tile may increase to a slight degree the volume of water in the Orr branch, but not to such an extent of injuring or overflowing the spring, under ordinary weather conditions, and the proof shows overflows of the spring before the changed condition during heavy rains or floods. It may be conceded, however, that the spring may be more easily overflowed on rare occasions with the proposed tile emptying into the said Orr branch than before, but this occasional condition and damage resulting therefrom is fully overcome and offset by the benefits that will accrue to the complainants' premises as a result of the said improvement, which will rid it of all danger from the standing water in the basin, afford better drainage for some of their land, to say nothing of giving them a better road. We do not think that the proof shows that there will be any material injury to the timber or otherwise than above noted. Therefore, taking into consideration the value of the complainants' property before and after the completion of the drainage in question, we do not think that there will be any diminution in same. Town of Eutaw v. Botnick, 150 Ala. 429, 43 South. 739; Ala. Cen. Co. v. Musgrove, 169 Ala. 424, 53 South. 1009; Enterprise Co. v. Porter, 155 Ala. 426, 46 South. 773; Ala. Power Co. v. Keystone Co., 191 Ala. 58, 67 South. 833, Ann. Cas. 1917C, 878. Moreover, the conclusion of the trial court upon the facts cannot be disturbed, as it affirmatively appears from the record that it had evidence before it which is not set out in the record to this court. Several maps, plats, and photographs were used and often referred to by the witnesses in their testimony and which were made exhibits to their depositions, and which said depositions and exhibits were included in the note of submission and were evidently before and considered by the trial court. Yet Exhibit A to the testimony of H. E. Thomas and Exhibit B to the testimony of Weinmann were not made a part of the record to this court and were not sent up under the rule providing for the inspection of the originals. Hale v. Tenn. Co., 183 Ala. 507, 62 South. 783.

[1] Counsel for appellee have also suggested an estoppel against these complainants in their argument, and we may concede that one of the complainants did acquiesce in, or consent, to the drainage of the basin with an outlet through the "Orr branch," and that she cannot now avoid the result because the present ditch was inadequate to accomplish the purpose for which it was intended upon the theory that her consent was to an imperfect drainage and not to the new plan intended to accomplish the purpose for which the ditch was cut, but this defense, not having been specially set up by plea or answer, is unavailable. Jones v. Peebles, 130 Ala. 269, 30 South. 564. Besides, the case must be affirmed for reasons above suggested.

The decree of the law and equity court is affirmed.

Affirmed.

MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur.

On Rehearing.

ANDERSON, C. J. It is urged upon rehearing that this court erred in applying the rule that if the benefits to the complainants exceeded the damages resulting from the improvements in question they were not entitled to relief, for the reason that the results complained of amounted to an actual taking of property rather than mere consequential damage thereto as covered by section 235 of the Constitution. In other words, that the complainants claim protection under section 23, instead of section 235 of the Constitution. It is sufficient to say, in reply to appellants' argument upon rehearing, that the foregoing opinion treated the case upon the theory, as we understand the brief, that was argued by counsel for appellants. That protection was sought under section 235 of the Constitution and not for an actual taking of property as the principal cases cited deal with section 235 and not 23. In fact, the brief quotes at length from the case of Dallas Co. v. Dillard, 156 Ala. 354, 17 South. 135, 18 L. R. A. (N. S.) 884, which discusses the purpose for which said section 235 was put in our Constitution and wherein it differs from what amounts to an actual taking of property as protected by other provisions of our Constitution. So if we failed to decide that the things complained of amounted to an actual taking of property and as against which the benefits could not be set off, it was because we did not then, and do not now, understand the original brief as invoking this doctrine.

[2] We may now, however, concede that the change of the surface water so as to cause it to overflow or injure the complainants' land would amount to a taking, though the authorities are not harmonious on this point, and that, if there was an actual taking as distinguished from resulting or consequential damages, the value of the improvements could not offset the value of

the property so taken. Eutaw v. Botnick, 150 Ala. 429, 43 South. 739. Still, under the former decisions of this court the decree of the trial court would have to be affirmed. The trial court did not rest its decision upon the idea that there was a taking or injury and the general benefits exceeded same, but found that the complainants showed no injury to their land and in effect held that there was no taking or injury. It may be that there was some slight evidence tending to show that the complainants' spring might be slightly injured; but, as stated in the original opinion, the trial court had data, not now before this court, and concluded that the complainants' property would not be injured at all, and, under the well-established rule of this court, where such is the case the conclusion reached by the trial court will not be disturbed. Hale v. Tenn. Co., 183 Ala. 507, 62 South. 783. As previously noted, there were maps and photographs used and often referred to by the witnesses and the inspection and consideration of same by the trial court may have been a material factor in forcing the conclusion that there was no injury to complainants' property.

The application for rehearing is overruled.