(82 South. 167)

JONES et al. v. JEFFERSON COUNTY et al.
(6 Div. 863.)

(Supreme Court of Alabama. Feb. 13, 1919. Rehearing Denied May 15, 1919.)

1. INJUNCTION ⟐⟿137(2) — TEMPORARY INJUNCTION—GROUNDS FOR DENIAL—INCONVENIENCE.

On appeal under Code 1907, § 4531, the trial court's order denying a writ of temporary injunction after hearing as provided by section 4529 will be sustained where the benefit to complainants as compared with the great inconvenience to the defendants is so small that it will amount to an oppression to grant an injunction until final hearing is had.

2. APPEAL AND ERROR ⟐⟿695(3) — FACTS NOT PRESENTED TO COURT.

Where on appeal from an order denying a temporary injunction it appears that the trial court had the benefit of an exhibit and certain evidential facts not presented to the appellate court, decree of the lower court will be affirmed.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Bill by Leo Jones and others against Jefferson County and certain industrial corporations for a temporary injunction to restrain complainants from polluting Valley creek, which flows through appellants' land. From decree denying temporary injunction, complainants appeal, and seek to have the temporary injunction issue from this court. Affirmed.

Pinkney Scott, of Bessemer, for appellants.

W. K. Terry, of Birmingham, and Huey & Welsh, of Bessemer, for appellees.

ANDERSON, C. J. [1] This is an appeal by the complainant under section 4531 of the Code of 1907 from the order of the circuit judge in refusing to grant a writ of injunction after the application had been heard

upon the bill and answer and affidavits and exhibits, as provided by section 4529. Our court, in the case of Davis v. Sowell, 77 Ala. 262, approvingly quoted the following rule from High on Injunctions:

"The chancery court is sometimes 'governed, in deciding an application for a preliminary injunction, by considerations of the relative convenience and inconvenience which may result to the parties from granting or withholding the writ. * * * Where it appears that greater danger is likely to result from granting than from withholding the relief, or where the inconvenience seems to be equally divided as between the parties, the injunction will be refused, and the parties left as they are, until the legal right can be determined by law.'"

This Davis Case has been repeatedly cited and followed, and the above-quoted ruling is well recognized in this and other jurisdictions. 22 Cyc. 748; 14 R. C. L. p. 312.

Again, in the case of English v. Progressive Co., 95 Ala. 259, 10 South. 134, it is said:

"By the settled rule in this state a case must be proved which establishes the necessity of a preventive remedy—a case within that class of cases of irreparable or continuous injury which can be adequately redressed only by injunction; and in all cases where the right is doubtful, and the exercise of the power would interfere with industries promotive of public utility, it becomes the duty of the court to abstain from interfering. In such cases the proof should be clear and convincing, and the power 'should be cautiously and sparingly exercised.'"

[2] We are therefore of the opinion that the benefits and convenience to be gained by the complainant as compared with the great inconvenience, as well as disastrous results, to the respondents, is so small and insignificant that it will almost amount to an oppression and hardship to grant an injunction in the instant case until the merits of the case are fully considered and determined upon a final hearing. Therefore, pretermitting all considerations as to the equity of the bill or laches of the complainant, the action of the trial court in refusing the injunction can be well sustained upon the theory above discussed. Moreover, it appears from the affidavit of Coston that a sample bottle of the water was attached to his affidavit as an exhibit, and was accessible to and inspected by the court, and that the trial court had the benefit of certain evidential facts which have not been presented to this court. Carbon Hill v. Leith, 201 Ala. 633, 79 South. 195; Faught v. Leith, 201 Ala. 452, 78 South. 830; Dancy v. Ratliff, 201 Ala. 162, 77 South. 688.

The decree of the chancery court is affirmed.

Affirmed.

McCLELLAN, SAYRE, and GARDNER, JJ., concur.