96 So.2d 297

LOCAL NO. 157 OF the INTERNATIONAL UNION OF MINE, MILL AND SMELTER WORKERS, etc., et al.

v.

LOCAL NO. 4202 UNITED STEEL WORKERS OF AMERICA, AFFILIATED WITH the C.I.O., etc.

6 Div. 869.

Supreme Court of Alabama.

June 27, 1957.

Arthur D. Shores and David H. Hood, Jr., Birmingham, for appellants.

Cooper, Mitch & Black, Birmingham, for appellee.

GOODWYN, Justice.

This is an appeal from a final decree of the circuit court of Jefferson County, Bessemer Division, in equity, rendered in a suit brought by appellants (Local 157 of the International Union of Mine, Mill and Smelter Workers, an unincorporated association, and Walter J. Erickson and Abraham Dale, as Trustees of said Local 157) against appellee (Local 4202 of the United Steel Workers of America, an unincorporated association) to quiet title to certain real estate (a union hall), in which suit appellee filed a cross-bill seeking an adjudication that the fee simple title to the property is in appellee. Testimony in the case was taken orally before the trial court. A decree was rendered denying relief to appellants and granting the relief sought by appellee. Appellants filed a motion to set aside the decree and to grant a rehearing, which was denied.

The evidence tends to show the following: Prior to 1949 the bargaining agent for the employees at Tennessee, Coal, Iron & Railroad Company's Wenonah Red Ore Mine was Local 157 of the International Union of Mine, Mill and Smelter Workers, which was in turn affiliated with the Congress of Industrial Organizations (C. I. O.). The property here in question was purchased in 1941 for use as a union hall with contributions made by the members of Local 157. In 1949 the vast majority of the members of Local 157 withdrew and formed a new local affiliated directly with the C. I. O. The new local (No. 4202 of the United Steel Workers, which is the appellee here) won the election to determine the bargaining agent for the members at the Wenonah Red Ore Mine. A small minority retained membership in Local 157 and sought to carry on as a local union affiliated with the International Union of Mine, Mill and Smelter Workers. In 1950 the International Union was expelled by the C. I. O. Since the split in membership of Local 157 there has been a continuous dispute over the ownership of the union hall.

The trial court's decree relates, of course, only to the rights of Local 157 and Local 4202, the parties to the suit. In this situation there can be no question that the constitution that governed Local 157 at the time of the withdrawal of the majority in 1949 has a direct bearing on such rights. It is apparent from the record that the trial court had before it certain provisions of that constitution which are not set out in the record. We have held that "it will be conclusively presumed on appeal that evidence omitted from the record but heard by the court would sustain the judgment." Williams v. Clark, 263 Ala. 228, 82 So.2d 295, 296.

From Moore v. Pettus, 260 Ala. 616, 625, 71 So.2d 814, 821, is the following:

"* * * Under our well established rule we cannot disturb a finding of fact by a trial court where there was evidence before the trial court which may have influenced it in arriving at its finding of fact and which is not before us. Dancy v. Ratliff, 201 Ala. 162, 77 So. 688; Jones v. Jefferson County, 203 Ala. 137, 82 So. 167."

To the same effect are the following: Ruck v. Ruck, 265 Ala. 29, 89 So.2d 274; Grand

Lodge, etc. v. Hermione Lodge No. 16, 258 Ala. 641, 645, 64 So.2d 405; Thomas v. Thomas, 246 Ala. 484, 486, 21 So.2d 321; Fuller v. Blackwell, 246 Ala. 476, 477, 21 So.2d 617; Gipson v. Hicks, 243 Ala. 617, 618, 11 So.2d 461; Linn v. Linn, 242 Ala. 688, 690, 8 So.2d 187; McGriff v. McGriff, 242 Ala. 69, 4 So.2d 507; Allen v. Allen, 223 Ala. 223, 225, 135 So. 169; Hogg v. Jenifer Iron Co., 215 Ala. 683, 112 So. 207; Wood v. Wood, 119 Ala. 183, 185, 24 So. 841.

Under the circumstances the trial court's findings from the evidence are not open for review.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and COLEMAN, JJ., concur.