259 So.2d 262

**John H. DAVIS, etc., et al.**

**v.**

**CITY FEDERAL SAVINGS & LOAN AS-SOCIATION, a Corporation.**

**7 Div. 877.**

Supreme Court of Alabama.

March 2, 1972.

Rehearing Denied March 30, 1972.

Fred Blanton, Birmingham, Frank B. Embry, Pell City, for appellants.

H. E. Holladay, Pell City, for appellee.

MERRILL, Justice.

This appeal is from a judgment in an ejectment suit in favor of appellee, which

had foreclosed a mortgage executed by appellants, but appellants continued to occupy the property.

The complaint in ejectment was filed on August 5, 1968, demurrer overruled and it probably came on to be tried April 15, 1969, at least, that is the date of the judgment. In that judgment appellee recovered possession of the property and the sum of $1,040.00 for its detention. Neither side requested a jury, so the cause was tried to the court without a jury. There was no motion for a new trial.

An appeal was taken on October 4, 1969 by newly retained counsel who had taken no part in the trial.

Counsel for appellants faced extraordinary obstacles in attempting to get a transcript of the evidence. The record shows eight different requests for extensions of time by the then court reporter to prepare the transcript of the evidence covering a period from December 26, 1969 to January 6, 1971. The excuse given in the first seven was excessive court and an extremely heavy work load. The then circuit judge, not the present incumbent, granted all of these requests "for good cause shown." At trial, the appellee called only one witness and the appellants called only one and the testimony of neither was not very lengthy. We copy two paragraphs from brief of appellants' counsel:

"Counsel after long and diligent efforts finally located a copy of a transcript of the proceedings prepared by the court reporter for the trial attorney of DAVIS, which transcript had been properly certified. A court reporter of another circuit then prepared and certified the transcript which was filed.

"The 30th Judicial Circuit Court reporter lost the original exhibits introduced into evidence at this trial. Reproductions of some of these were obtained and delivered to this court reporter prior to December 1, 1970. These substituted exhibits were also lost."

Appellee introduced into evidence a foreclosure deed, a legal notice to vacate and proof of the reasonable rental value of the property. There was also evidence that appellants were delinquent in their payments when the mortgage was foreclosed.

The trial court had all these documents before it, while we have none of the exhibits.

The rule is that where it is apparent from the record that the trial court had before it certain material documentary evidence which was not set out in the record, it will be conclusively presumed on appeal that evidence omitted from the record but heard by the court will sustain the judgment. Local No. 157, etc. v. Local No. 4202, etc., 266 Ala. 354, 96 So.2d 297. This last cited case also quotes the following from Moore v. Pettus, 260 Ala. 616, 625, 71 So.2d 814, 821:

"' * * * Under our well established rule we cannot disturb a finding of fact by a trial court where there was evidence before the trial court which may have influenced it in arriving at its finding of fact and which is not before us. Dancy v. Ratliff, 201 Ala. 162, 77 So. 688; Jones v. Jefferson County, 203 Ala. 137, 82 So. 167.'"

It then adds: "To the same effect are the following," and cites ten other cases.

It was also said in Patton v. Endowment Department of A.F. & A.M., 232 Ala. 236, 167 So. 323, that where it appears that the trial court had before it material evidence which is not before us, we cannot affirm error on the part of the court in the judgment rendered. Ten cases are cited in support of that proposition.

There is no question but that most of the exhibits were material evidence.

We are constrained to affirm the judgment of the trial court.

Affirmed.

HEFLIN, C. J., and LAWSON, HARWOOD and MADDOX, JJ., concur.