Appellant, Kentucky Galvanizing Co., Inc. [hereinafter "Galvanizing"], the defendant below, appeals the lower court's directed verdict in favor of appellees, Continental Casualty Co., Inc. [hereinafter "Continental"], Contractors' Service, Inc. [hereinafter "Contractors"], and Mid-South Pavers, Inc. [hereinafter "Mid-South."]. We reverse and remand.
An explanation of the status of each party to this suit is necessary at this time. Galvanizing is a Kentucky corporation which manufactures highway guardrail materials. Mid-South, an Indiana corporation, is a paving contractor. Mid-South was awarded a contract from the State of Alabama for highway improvements on U.S. Highway 72. As required by statute, Mid-South procured a surety: Continental. Continental is an Illinois corporation serving as guarantor of Mid-South's bond assuring payment of suppliers. Contractors, an Alabama corporation, subcontracted from Mid-South to erect the guardrails on Mid-South's job.
The facts are these: Mid-South entered into a contract with the Alabama State Highway Department for the improvement of U.S. Highway 72, in Colbert County, a jobsite referred to as "US 72 on Miss. Line." It filed bond with the Highway Department, as required by statute, with Continental as surety. Mid-South contracted out the guardrail erection to Contractors, which contacted Galvanizing for materials.
Although appellees admit that guardrail materials provided by Galvanizing were used on the jobsite, none of the appellees paid Galvanizing for those materials. Galvanizing *Page 651 
gave notice of the default to Continental as required by Code of Alabama, Tit. 50, § 16. Subsequently, Galvanizing filed suit to recover the price of the materials used on the U.S. 72 project.
Mid-South and Continental answered Galvanizing's complaint by stating that Mid-South had paid the subcontractor, Contractors, an amount which would be sufficient to allow Contractors to pay Galvanizing, but that apparently Contractors had applied the funds received from Mid-South to other debts. Subsequently, Mid-South and Continental amended their answer, raising in defense the fact that Galvanizing was a foreign corporation, doing business in Alabama without having qualified to do so, thereby without standing to enforce claims in the courts of this state. Contractors answered with the defense that Galvanizing failed to qualify to do business in Alabama. (Contractors also counterclaimed damages for breach of contract against Galvanizing, but this is not an issue).
At the conclusion of Galvanizing's evidence, appellees moved for a directed verdict, which was granted, based on the fact that Galvanizing had not qualified to do business in Alabama. Judgment was entered for the appellees, and Galvanizing appealed.
The question to be decided here is whether Galvanizing is operating in interstate commerce, for, if it is so operating, the case must be reversed and remanded. But if Galvanizing is doing business of an intrastate nature, it can have no relief in our courts, and the trial court's decision should be affirmed. Code of Alabama, Tit. 10, § 21 (89); Tit. 51, § 342.
We hold that Galvanizing is a company active in interstate commerce and that the trial court's decision is due to be reversed.
In making that determination we have examined several aspects of Galvanizing's business. We note that Galvanizing has never manufactured, fabricated or installed any materials in the State of Alabama. What it has sold to buyers in Alabama it has delivered to the assigned jobsites. Other than delivery, Galvanizing does nothing in Alabama except what is incident to soliciting and taking orders for shipment of goods in interstate commerce and delivery of these goods.
Sale in interstate commerce is a protected right of American craftsmen. Allenberg Cotton Co. v. Pittman, 419 U.S. 20,95 S.Ct. 260, 42 L.Ed.2d 195 (1974), and under the Constitution of the United States a state cannot prohibit foreign corporations from conducting interstate business within that state.Simonetti Bros. Produce Co. v. Peter Fox Brewing Co., 240 Ala. 91,197 So. 38 (1940).
This court has held in Swicegood v. Century Factors, Inc.,280 Ala. 37, 189 So.2d 776 (1966) that business solicitations and incidents relative to such solicitations do not constitute transaction of business within the State of Alabama. Rather, these are interstate in nature. On several occasions, this court has distinguished between contracts requiring only the furnishing of materials, and contracts requiring the seller to perform construction activities. When the transaction requires only sale and delivery of the materials, we have held it to be within the scope of interstate commerce, to which the laws of Alabama are not applicable. Computaflor Co. v. N.L. BlaumConst. Co., 289 Ala. 65, 265 So.2d 850 (1972); AmericanAmusement Co. v. East Lake Chutes Co., 174 Ala. 526, 56 So. 961
(1911).
As previously noted, the record reveals that the activity conducted by Galvanizing in the State of Alabama was simply solicitation of orders and delivery incident to that solicitation. Certainly, solicitation and delivery cannot be equated with the term "construction" under our cases. This distinguishes Galvanizing's activities as interstate rather than intrastate.
The appellees, by their own admission in brief, outline the activities of Galvanizing which make its activities interstate rather than intrastate in nature. They note that Galvanizing is a foreign corporation which manufactures products outside the *Page 652 
state and ships to customers in the state, that these sales were arranged through solicitation by one of the corporation's agents, that the agent made monthly trips into this state for that purpose and that during those trips he would confer with customers and arrange or negotiate a sale. Appellees also point out that the sale would not be consummated in Alabama but through processing order blanks which would be forwarded to the corporate headquarters outside the state. This description of Galvanizing's activities denotes the interstate nature of Galvanizing's business dealings.
At oral argument the appellees introduced the case of SARMfg. Co., Inc. v. Dumas Bros. Mfg. Co., Inc., 526 F.2d 1283 (5 Cir. 1976), which they had not cited in briefs. Appellees contended that SAR was dispositive of the case at bar and that it correctly distinguished the Allenberg Cotton case, supra, on which Galvanizing had relied.
In SAR, a Texas corporation attempted to recover upon a promissory note from Alabama residents. The U.S. District Court for the Southern District of Alabama denied recovery due to the fact that the plaintiff corporation was not qualified to do business in Alabama. On appeal, the Fifth Circuit affirmed.
The plaintiff corporation sold polyurethane foam which it manufactured in one of the plaintiff's plants located in Texas, Georgia and Mississippi. The plaintiff, for several years, had generated income by the sales of its product to several Alabama corporations with need for the product, including Dumas Bros. Originally, orders were placed by mail, telephone or telegram to the plaintiff's main office in Houston, Texas. However, in 1973, plaintiff purchased a warehouse in Alabama for the purpose of receiving and storing polyurethane foam for sale to Dumas Bros. Some foam processing was conducted at the warehouse as well. With the initiation of a warehouse in Alabama came the employment of seven persons and maintenance of two vehicles on a full-time basis. Plaintiff also had several salaried salesmen who spent one-sixth of their time in Alabama.
We feel that the change in business policy in 1973, at which time (1) the plaintiff opened a warehouse in the state in order to fill the orders of Dumas Bros., (2) processing began, (3) seven employees were obtained and (4) two vehicles were maintained for company use, distinguishes SAR from the case at bar. This business policy denotes action of an intrastate nature as opposed to the facts in the case at bar — solicitations and orders by telephone or mail, which can more easily be likened to SAR's pre-1973 policy.
The opinion of the Fifth Circuit's Chief Judge Brown emphasized the distinction we find when he stated at p. 1286:
 ". . . And particularly with respect to the defendants [Dumas Bros.] the marketing and supply functions of the plaintiff [SAR] are localized enough to easily fall under the ambit of a series of transactions which are primarily intrastate and concomitantly the corporation falls under the satrapy of the qualification statutes. . . ." (Emphasis Supplied.)
Galvanizing, conducting business in interstate commerce, is justified and welcomed to use the state courts of Alabama to enforce its claim against those who defaulted on payment of an order which was delivered here.
REVERSED AND REMANDED.
HEFLIN, C.J., and MADDOX, JONES and SHORES, JJ., concur. *Page 653