M. Charles STERNE, as Trustee for Delta Molded Products, Inc., a Bankrupt, Appellant,

v.

IMPROVED MACHINERY, INC., Appellee.

No. 76–3334.

United States Court of Appeals, Fifth Circuit.

April 24, 1978.

Charles Cleveland, Wilbur G. Silberman, Rodney A. Max, Birmingham, Ala., for appellant.

Douglas P. Corretti, George I. Case, Jr., Birmingham, Ala., J. P. Janetatos, Washington, D. C., for appellee.

Before WISDOM, TJOFLAT and VANCE, Circuit Judges.

PER CURIAM:

In 1974 Delta Molded Products, Inc. filed a petition for an arrangement under Chapter XI of the Bankruptcy Act in the U. S. District Court for the Northern District of Alabama. Delta was allowed to continue business as Debtor in Possession.

The present controversy grows out of a reclamation petition filed in May, 1974 by Improved Machinery, Inc. (IMPCO) seeking recovery of eight plastic molding machines and certain other equipment which had been manufactured by IMPCO and sold to Delta. The facts are recited in detail in the published opinion of the district court which appears at 416 F.Supp. 938 (N.D.Ala.1976). The district court reversed a prior ruling of the bankruptcy judge and allowed reclamation of all but one of the machines.[1] It is from that ruling of the district court that Delta now appeals.

The primary thrust of its appeal rests on Delta's contention that as a foreign corporation which was engaged in intrastate business in Alabama but had not qualified to do business in that state, IMPCO's contracts were void under Alabama law.[2] The district court rejected the contention on two bases. First, it concluded that IMPCO's activities within Alabama were essentially interstate and did not bring it within the purview of Alabama's nonqualification statute. Second, it held that a reclamation proceeding was a possessory action to which the statute was inapplicable. Such holding was based on rulings of the state courts that the statute prohibited only contract actions by unqualified corporations and did not bar suits to exercise proprietary interests in property.

We have carefully reviewed the opinion of the district court and have concluded that it is correct in respect to the questions now presented. We therefore adopt it as the opinion of this court.

Subsequent to the decision now on appeal, the Court of Civil Appeals of Alabama reaffirmed the underlying premise of the district court's second conclusion: that only suits on contract and not possessory actions are barred by the Alabama statute. *Trax, Inc. v. Tidmore,* 349 So.2d 597 (Ala.Civ.App. 1977).

It follows that in all respects the judgment of the district court is due to be affirmed.

AFFIRMED.

---

1.  IMPCO urges in brief that it is also entitled to reclaim the remaining machine which it purported to have leased to Delta. Its contention is thwarted by its failure to file a cross appeal. In addition the adverse ruling of the lower court was grounded on the bankruptcy judge's factual determination that in reality the lease arrangement was an unsecured sale. The form filed by IMPCO with respect to such transaction was not sufficient to establish an enforceable security agreement. Under the evidence this finding by the bankruptcy judge was correctly upheld by the district court.

2.  Code of Ala.1975, § 10–2–254 provides in pertinent part:

    All contracts or agreements made or entered into in this state by foreign corporations which have not qualified to do business in this state shall be held void at the action of such foreign corporation or any person claiming through or under such foreign corporation by virtue of said void contract or agreement; but nothing in this section shall abrogate the equitable rule that he who seeks equity must do equity  .   .   . .