BRADLEY, Judge.
This is an appeal from the trial court’s denial of appellant’s petition to modify the alimony provision of a divorce decree. We affirm.
Neither party has provided us with a statement of facts. From what we can glean from the meager record, it appears *808 that Floyd M. McCullough, appellant, and Ann M. McCullough, appellee, were divorced on March 2, 1978. The original divorce decree incorporated an agreement of the parties, and provided that the husband was to pay the wife alimony in the sum of fifty dollars per week for a period of five years, or until the wife remarried. The parties have not included a copy of the original decree in the record.
On March 10, 1980 the parties by joint stipulation agreed to modify the original decree. The modified decree apparently provided that the husband was to pay the wife alimony in the sum of $100.00 per month for a set period of time. The parties disagree on whether the modified decree provided that the husband’s obligation to pay alimony terminated upon the wife’s remarriage. A copy of that modified decree is not contained in the record, nor have we been apprised of the exact contents of the pertinent provision.
The husband apparently attempted to comply with the 1980 decree until he learned of his ex-wife’s remarriage. On June 19,1981 the husband filed a petition to further modify the prior decree, alleging that the alimony provision of the 1980 decree was an award of periodic alimony and, under § 30-2-55, Code 1975, his obligation to pay terminated upon the wife’s remarriage. A hearing was held on August 20, 1981. The wife defended the 1980 decree, contending that the provision was an award of alimony in gross and was therefore non-modifiable.
The trial court, examining the contents of the 1980 decree, found that the provision contained no language providing for the termination of the husband’s alimony obligation before the expiration of the stated time period. The court denied the husband’s petition to modify the decree, and ordered him to comply with its provisions. From that judgment the husband appeals to this court.
The husband contends that the 1980 modification of the original divorce decree merely changed the amount of periodic alimony he was required to pay, and was not a conversion of periodic alimony into alimony in gross. While this contention may have some merit, we must point out the difficulty we have in reviewing the trial court’s decision in this case. Moreover, we are not to be understood as saying that periodic alimony can be converted into alimony in gross or vice versa after the parties have been finally divorced. As we have stated above, the record does not contain a copy of either the original 1978 divorce decree or the 1980 modification. The trial court, in its order, states that its decision is based upon an examination of the 1980 decree. In fact, we are asked to review a trial court’s construction of a provision of a divorce decree which we do not have before us. Without the benefit of those two documents, we cannot place the trial court in error for its decision. When it is apparent that the trial court had before it certain material documentary evidence which is not set out in the record, it will be conclusively presumed on appeal that the evidence omitted from the record but considered by the trial court will support the decision. Davis v. City Federal Savings & Loan Association, 288 Ala. 236, 259 So.2d 262 (1972).
For the foregoing reasons, the judgment of the trial court is affirmed.
Appellee’s request for attorney’s fee is granted in the amount of $350.00.
AFFIRMED.
WRIGHT, P. J., and HOLMES, J., concur.