EDWARD N. SCRUGGS, Retired Circuit Judge.
This is a materialman’s lien case.
The appellants have a common interest in that they consist of the general contractor for the construction of apartments, the owners of those buildings and the surety for the transfer of the materialman’s lien on real property to a surety bond under § 35-11-233 of the Code of Alabama of 1975. For the sake of simplicity of description they will be collectively referred to as “the owners.”
Flanagan Lumber Company (the supplier) furnished building materials to the general contractor which were utilized in the construction of the owners’ apartments. Pursuant to § 35-11-218 of the latest Alabama Code, the supplier gave notice to the owners whereby a lien was claimed upon certain described real estate “to secure an indebtedness of |5,935.49, plus the interest thereon from March 1, 1982, for materials furnished or used or installed in the aforementioned buildings or improvements on the aforesaid property.... ” The verified statement as filed by the supplier in the probate office used identical language.
The final judgment of the trial court commenced as follows: “This cause was heretofore submitted to the Court upon stipulation of the parties, and upon the testimony and evidence presented to the Court.” An amended certificate of the court reporter is to the effect that “no transcript of testimony was made ... and that no testimony was received of witnesses in said cause.” The appeal record does not contain a transcript of any proceedings in or before the trial court nor any authorized substitute therefor.
The principal sum of $5,935.49 was paid. With a finding that, after such notice, the unpaid balance in the hands of the owners far exceeded the amount claimed as due by the supplier, the trial court rendered a final judgment for the supplier and against the owners for $2,506.86 and authorized enforcement of the judgment against the bond surety. It is ascertainable that, of the judgment, $2,000 was for an attorney’s fee and $506.86 was for accrued interest.
The owners appeal contending that the trial court erred in awarding both attorney’s fees and interest because the notice given to the owners by the supplier was insufficient under said Code § 35-11-218 and because the materialman’s lien statute makes no provision for an award of an attorney’s fee to the successful party.
The stipulation of the parties and some of the documentary evidence which is mentioned in the briefs of counsel are not contained in the record furnished to us. The final judgment and the amended certificate of the court reporter are in dispute as to whether evidence was heard by the court; however, stipulations and documentary evidence connected therewith can aptly be characterized as “evidence.” The owners earnestly argue that only questions of law are here presented; hence they state that it was not essential that such matters be included in the record. However, to accept such argument would be to speculate and assume as to the contents of the stipulation and written or oral evidence which was presented to the trial court. As an example, but without any implication that such was actually contained in the stipulation, therein the owners could have waived certain matters or agreed to definite facts which would have conclusively precluded, as a matter of fact, any successful appeal as to the imposition of either attorney’s fees or interest. We are without authority to simply assume that no such facts were contained in the stipulation for we must presume that the stipulation was sufficient to fully sustain the judgment. Valley Mining Corp., Inc. v. Metro Bank, 383 So.2d 158, 165 (Ala.1980); Jenkins v. State of Ala *909 bama, 406 So.2d 428 (Ala.Civ.App.1981). Without the stipulated information and documents which were before the trial court, we are left without any means of determining the factual foundation of the trial court’s judgment and must presume it was correct.
This court’s policy is to determine every case upon its merits if we can reasonably and rationally do so without undue stress to the statutes, rules or precedents which govern our review of cases. It is with much reluctance and only after considerable research, contemplation and study that we have concluded that the judgment of the trial court must be affirmed without responding herein to the interesting issues which were raised and argued by learned and dedicated counsel for the owners. The following decision prohibits any other disposition by us:
“The rule is that where it is apparent from the record that the trial court had before it certain material documentary evidence which was not set out in the record, it will be conclusively presumed on appeal that evidence omitted from the record but heard by the court will sustain the judgment. Local No. 157, etc. v. Local No. 4202, etc., 266 Ala. 354, 96 So.2d 297. This last cited case also quotes the following from Moore v. Pettus, 260 Ala. 616, 625, 71 So.2d 814, 821:
“ ‘ “ * * * Under our well established rule we cannot disturb a finding of fact by a trial court where there was evidence before the trial court which may have influenced it in arriving at its finding of fact and which is not before us. Dancy v. Ratliff, 201 Ala. 162, 77 So. 688; Jones v. Jefferson County, 203 Ala. 137, 82 So. 167.” ’
It then adds: ‘To the same effect are the following,’ and cites ten other cases.
“It was also said in Patton v. Endowment Department of A.F. & A.M., 232 Ala. 236, 167 So. 323, that where it appears that the trial court had before it material evidence which is not before us, we cannot affirm error on the part of the court in the judgment rendered. Ten cases are cited in support of that proposition.”
Davis v. City Federal Savings & Loan Association, 288 Ala. 236, 237, 259 So.2d 262, 264 (1972). We are limited in our review of the facts to the record alone and even the excellent briefs filed by counsel for both sides, which recite facts outside of the transcript, cannot change, alter, vary or enlarge the record. Green v. Standard Fire Insurance Co. of Alabama, 398 So.2d 671 (Ala.1981); Roberts v. Roberts, 424 So.2d 644 (Ala.Civ.App.1982). We must affirm.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.