441 So.2d 904 (1983)
Jay JOHNSON and Jay Johnson Business Products, Inc.
v.
MPL LEASING CORPORATION.
81-693.
Supreme Court of Alabama.
October 7, 1983.
Rehearing Denied November 10, 1983.
*905 Frank M. Wilson of Beasley & Wilson, Montgomery, for appellants.
Warren S. Reese, Jr., and Robert M. Alton, Jr., Montgomery, for appellee.
TORBERT, Chief Justice.
Defendants Jay Johnson and Jay Johnson Business Products, Inc., ("Johnson") appeal from a judgment in favor of MPL Leasing Corporation arising out of a breach of contract action. We affirm.
The question to be considered by this Court is whether a foreign corporation, not qualified to do business in this state, may nevertheless utilize Alabama courts to enforce a contract which concerns the lease or sale, or both, of products within Alabama to Alabama citizens.
MPL Leasing Corporation ("MPL") is a California corporation organized for the purpose of offering alternative financing plans to dealers of Saxon Business Products. Saxon specializes in the sale of paper copiers which are distributed through independent dealers located throughout the United States, including Alabama. Jay Johnson was a Saxon dealer in Alabama.
Through mailings and telephone calls into the state, MPL solicited Johnson's attendance at a sales seminar in Atlanta. Johnson attended the seminar and entered into an agreement with MPL. The agreement provided for Johnson to lease Saxon copiers with the option to buy. MPL shipped the machines into Alabama and filed a financing statement with the Secretary of State.
Johnson became several months delinquent with his payments to MPL. MPL filed suit in Montgomery Circuit Court. Johnson moved to dismiss, alleging, among other defenses, that MPL was not qualified to do business in Alabama. We find that the trial judge correctly denied the motion.
Section 232 of the Alabama Constitution and § 10-2A-247, Code 1975, bar foreign corporations not qualified to do business in this state from enforcing their contracts through our courts. These laws only come into play "when the business conducted in the state by non-qualified corporations is considered `intrastate' in nature." First Inv. Co. v. McLeod, 363 So.2d 774, 776, 777 (Ala.Civ.App.1978). See § 10-2-254, Code 1975. See also Kentucky Galvanizing Co. v. Continental Cas. Co., 335 So.2d 649, 651 (Ala.1976). MPL's activities within Alabama are limited to (1) delivering copying machines by common carrier and (2) filing this action. This Court has never held previously that contacts as minimal as those of MPL constitute "intrastate business."
For example, in Kentucky Galvanizing, this Court considered whether the foreign, non-qualifying corporation's contacts were sufficient to constitute "intrastate" business. The facts in Kentucky Galvanizing are indistinguishable from those in this case. The corporation's activities in Alabama were "simply solicitation of orders and delivery incident to that solicitation." 335 So.2d at 651. This Court held that "Galvanizing, conducting business in interstate *906 commerce, is justified and welcomed to use the state courts of Alabama to enforce its claim against those who defaulted on payment of an order which was delivered here." Id. at 652.
In First Investment, the Court of Civil Appeals considered whether a bank, which purchased a promissory note from a foreign, non-qualified corporation, could maintain an action against the maker of the note. The foreign corporation, Great Lakes, solicited franchises for the sale of Christmas trees and delivered Christmas tree seedlings in Alabama. The court found an "absence of facts showing that Great Lakes was doing `intrastate' business in Alabama." 363 So.2d at 777. Again, these facts are remarkably similar to the present case. Other cases have reached the same conclusion. See In re Delta Molded Prods., Inc., 416 F.Supp. 938, 943 (N.D.Ala. 1976), aff'd, 571 F.2d 957 (5th Cir.1978) (applying Alabama law) (combined in-state activities of soliciting, delivery, assembly, and repairs of paper mill machinery do not constitute "intrastate" business).
The appellant cites several cases for the proposition that solicitation of sales constitutes "doing business." SAR Manufacturing Co. v. Dumas Brothers Manufacturing Co., 526 F.2d 1283 (5th Cir.1976) (applying Alabama law), held that a foreign, non-qualifying corporation (SAR) could not sue on a promissory note against an Alabama co-maker. Unlike MPL, SAR expanded its operation by purchasing a warehouse in Alabama, maintaining two vehicles in Alabama, and employing seven Alabama residents full-time. These factors were "localized enough to easily fall under the ambit of a series of transactions which are primarily intrastate and concomitantly the corporation falls under the satrapy of the qualification statutes ...." 526 F.2d at 1286. SAR was expressly distinguished on these grounds by this Court in Kentucky Galvanizing Co., 335 So.2d at 652.
In Marcus v. J.R. Watkins Co., 279 Ala. 584, 188 So.2d 543 (1966), the Court confused the test for minimum contacts for service of process with the test for determining whether a foreign corporation must qualify to do business in order to sue in state court. The minimum contacts test for service of process protects defendants against the burden of litigating in a distant forum. The doing business test for qualifying foreign corporations is governed by the limits on state regulation inherent in the Commerce Clause of the United States Constitution. Compare World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980), with Sioux Remedy Co. v. Cope, 235 U.S. 197, 35 S.Ct. 57, 59 L.Ed. 193 (1914), and Uncle Ben's, Inc. v. Crowell, 482 F.Supp. 1149 (E.D.Ark. 1980). See also Allenberg Cotton Co. v. Pittman, 419 U.S. 20, 95 S.Ct. 260, 42 L.Ed.2d 195 (1974). As these decisions make clear, it is far easier to find that a foreign corporation is "doing business" for service of process than it is to find that the corporation is conducting intrastate business subject to state regulation in view of the Commerce Clause.
The other issues raised by appellant are not persuasive. The mere absence of some exhibits from the trial record does not justify a new trial. See Davis v. City Fed. Sav. & Loan Ass'n, 288 Ala. 236, 259 So.2d 262 (1972). The argument that some questions were improper fails because no objection was raised at trial or no testimony was given in response to the question. See Bevill v. Owen, 364 So.2d 1201 (Ala.1979). The argument that Jay Johnson, as a sole proprietorship, and Jay Johnson Business Products, Inc., as a later incorporated entity, must be treated as two distinct parties is irrelevant, since the corporation assumed the individual proprietor's obligations. See Andrews v. John E. Smith's Sons Co., 369 So.2d 781 (Ala.1979). Evidence of Johnson's financial condition was relevant to Johnson's counterclaim against MPL concerning the financial viability of the copier's operation and damage to Johnson's business reputation. See Miller v. Dacovich, 355 So.2d 1109 (Ala.1978). Finally, this case does not involve inconsistent verdicts merely because Johnson recovered against Saxon on a third-party warranty *907 claim. MPL expressly did not warrant the financed copiers.
Therefore, we hold that MPL is welcome to use Alabama courts to enforce rights arising from the agreement with Johnson. The judgment is affirmed.
AFFIRMED.
MADDOX, JONES, ALMON, SHORES, BEATTY and ADAMS, JJ., concur.
FAULKNER and EMBRY, JJ., dissent.
EMBRY, Justice (dissenting):
Because I cannot agree that MPL's activities are wholly interstate I respectfully dissent.
MPL was organized for the exclusive purpose of financing Saxon Business Products copiers, in particular those which were not selling well. Saxon made large contributions to the original capital structure of MPL. In fact, MPL and Saxon operate out of the same office building. That MPL is a mere conduit of Saxon Business Products is evidenced by Saxon's refusal to service Johnson's ppc-1 copiers until payment had been made to MPL. MPL should not now be entitled to masquerade as a distinct entity, shielded by the commerce clause. Cf. Boles v. Midland Guardian Co., 410 So.2d 82 (Ala.Civ.App.1982); King Homes, Inc. v. Roberts, 46 Ala.App. 257, 240 So.2d 679, cert. denied, 286 Ala. 736, 240 So.2d 689 (1970).
FAULKNER, J., concurs.