MADDOX, Justice.
Plaintiff/appellee Technology Ventures sued defendants/appellants Big Daddy’s Pizza Parlor, Inc., Howard L. Sims, and David Sims, alleging breach of a lease contract. Defendants answered, asserting un-conscionability of the bargain. In addition, they filed a counterclaim for fraud.
The Court ultimately granted summary judgment in the amount of $26,859.38 on plaintiff’s contract claim, and summary judgment in plaintiff's favor on the fraud claim. Defendants appeal.
I
Defendants first argue that the trial court erred in granting summary judgment on the contract claim. Specifically, defendants’ position is that the evidence shows that they did not breach the lease, and that even if they did they are not liable for the full amount of damages, or for any damages, because the evidence shows that the lease was unconscionable.
The trial court held a hearing on the motion for summary judgment. Defendants concede in their brief that “there is no record of that hearing.” They continue, “[W]e can only assume that the trial court took into consideration all of the oral testimony.” Even assuming that oral testimony was presented at the hearing, without a transcription of that testimony and proper inclusion of this transcription in the record, “we are left without any means of determining the factual foundation of the trial court's judgment and must presume it was correct.” Brindley Construction Co. v. Flanagan Lumber Co., 441 So.2d 907, 909 (Ala.Civ.App.1983). In other words, without all of the evidence that the trial court had before it, we are unable to conduct a meaningful review of that court’s ruling as to the sufficiency of the evidence. In such a situation, we presume that the trial court’s judgment is correct — not vice versa. We, therefore, affirm the court’s judgment for plaintiff on the lease contract.
II
We also affirm the summary judgment as to defendants’ counterclaim for fraud. This judgment was entered after the trial court conducted a hearing and considered the testimony taken at that hearing. As pointed out above, we have no record of that hearing, and we are constrained to affirm the judgment on this issue on the same ground as that on which we affirmed on the liability issue. Brindley Construction Co. v. Flanagan Lumber Co., supra.
The summary judgment on both claims is due to be, and it hereby is, affirmed.
AFFIRMED.
TORBERT, C.J., and ALMON, BEATTY and HOUSTON, JJ., concur.