Grumman Credit Corporation, a corporation based in New York, filed a complaint in Alabama against Jerry Wise alleging a breach of a conditional sales contract and seeking a writ of detinue for a 1984 model airplane. Wise filed a motion to dismiss, as well as a motion for summary judgment, contending that Grumman Credit could not use the Alabama courts to enforce the contract because Grumman was not qualified *Page 953 
to do business in Alabama. Both motions were denied.
After a trial on the merits, the jury returned a verdict for Grumman Credit for approximately $44,000.
Wise appeals, contending that Grumman Credit is barred from pursuing this action in the Alabama courts because, he says, it failed to meet the requirements imposed by Alabama's constitution and statutes. Specifically, he cites the following provisions:
 "No foreign corporation shall do any business in this state without having at least one known place of business and an authorized agent or agents therein, and without filing with the secretary of state a certified copy of its articles of incorporation or association."
Art. XII, § 232, Ala. Const. 1901.
 "All contracts or agreements made or entered into in this state by foreign corporations which have not obtained a certificate of authority to transact business in this state shall be held void at the action of such foreign corporation or any person claiming through or under such foreign corporation by virtue of said void contract or agreement."
Ala. Code 1975, § 10-2A-247(a).
These provisions bar foreign corporations not qualified to do business in Alabama from enforcing their contracts through our courts. Johnson v. MPL Leasing Corp., 441 So.2d 904 (Ala. 1983). These laws do not come into play, however, unless the business conducted here by nonqualified corporations is considered "intrastate" in nature. Johnson.
Grumman Credit argues that it does not come within the above provisions because, it says, its actions did not constitute engaging in business within the State of Alabama. In other words, Grumman Credit says that it did not conduct "intrastate" business here.
The pertinent facts are as follows: Wise wanted to purchase an airplane to be used in his crop dusting business. Charles Taylor, an aircraft salesman doing business in Clewiston, Florida, contacted Wise by telephone at Wise's place of business in Samson, Alabama. All negotiations were conducted via telephone between Alabama and Florida and ultimately resulted in a tentative agreement of purchase. A document styled "Conditional Sales Contract, Security Agreement, and Guaranty of Payment" was mailed from Taylor's place of business in Florida to Wise in Alabama. Wise signed the document and returned it by mail to Taylor in Florida. A "ferry pilot" flew the airplane purchased by Wise from the plant in New York to Wise's landing strip in Alabama. Grumman Credit paid a certain sum of money to Taylor in Florida and took an assignment of the "Conditional Sales Contract, Security Agreement, and Guaranty of Payment."
In order to place a contract within the operative scope of Art. XII, § 232, of the Alabama Constitution and § 10-2A-247(a), the business of the nonqualified corporation's activities must be "intrastate in nature." Sanwa BusinessCredit Corp. v. G.B. "Boots" Smith Corp., 548 So.2d 1336 (Ala. 1989). There must be some activity on the part of the nonqualified foreign corporation to establish a continuing presence in the state over and above the mere shipping of commodities between the states. It is axiomatic that
 "a transaction involving no more than a sale, transportation and delivery of out-of-state goods by a nonresident to a local party on orders taken in Alabama would be an act of interstate commerce to which the laws of this state are not and could not be applicable."
Loudonville Milling Co. v. Davis, 251 Ala. 459, 462,37 So.2d 659, 661 (1948).
In almost every instance where the courts have applied these provisions to bar an action, the case has involved the performance of some type of service or labor within the state other than service or labor that could reasonably be argued to be incidental to an interstate sale. See, Al Sarena Mines, Inc.v. SouthTrust Bank, 548 So.2d 1356 (Ala. 1989); Sanwa BusinessCredit Corp. v. G.B. "Boots"Smith Corp., 548 So.2d 1336 (Ala. 1989); Computaflor *Page 954 Co. v. N.L. Blaum Construction Co., 289 Ala. 65, 265 So.2d 850
(1972).
We find in the record of this case no evidence of any action by Grumman Credit that could even arguably have resulted in the establishment of a continuing presence in Alabama so as to classify its activities as intrastate in character. In other words, Wise presented no evidence that Grumman Credit comes within the purview of Art. XII, § 232, Ala. Const. 1901, or § 10-2A-247(a), Ala. Code 1975. While it is undisputed that Grumman Credit is a foreign corporation not qualified to do business in Alabama, its only relation to this state, in this instance, is the financing of Wise's purchase of an airplane. The financing agreements were signed by Wise in Alabama and then forwarded to Taylor (the seller) in Florida. Based on this evidence alone, we cannot say that the trial court erred when it allowed Grumman Credit to utilize the courts of this state to enforce a conditional sales contract. The contact between Grumman Credit and Alabama is minimal at best and does not amount to "intrastate" business.
The judgment in this case is due to ben affirmed.
AFFIRMED.
HORNSBY, C.J., and ADAMS, STEAGALL and KENNEDY, JJ., concur.