HOLMES, Retired Appellate Judge.
TSR, Inc., a company that rents and sells tools, is a foreign corporation with its principal place of business in Baton Rouge, Louisiana. TSR is not qualified to do business in Alabama, pursuant to § 10-2B-15.02, Ala.Code 1975 (1994 rep. vol.).
In late 1994 TSR sold Quincy Compressor Division of Coltec Industries, Inc. (Quincy), four REMSTAR vertical carousels, which are large automated storage & retrieval systems. TSR’s certified REMS-TAR mechanic traveled to Quincy’s plant in Bay Minette, Alabama, to assemble and install the carousels. It is undisputed that the parties did not have a written maintenance or warranty agreement concerning repairs. Instead, Quincy contacted TSR on an “as-needed” basis.
On November 8, 1996, approximately two years after the initial sale, Quincy informed TSR that one of the carousels had “crashed.” Quincy specifically requested that TSR order a lower curved track, which is a main component part of a carousel. TSR ordered the part from the REMSTAR manufacturer, which is located in Westbrook, Maine. TSR’s certified mechanic traveled to Quincy’s plant in Alabama to install the component part and to repair the carousel. The repair work took *793 approximately four days. TSR, thereafter, sent Quincy an invoice for $6000.03.
Approximately two weeks later, the same carousel “crashed” again. Quincy did not notify TSR but, instead, contacted another certified REMSTAR mechanic in Mobile, Alabama, to evaluate and to repair the carousel. Quincy paid $5,669.17 for the subsequent repair work. Quincy refused, however, to pay TSR the amount due under its invoice.
On April 22, 1997, TSR sued Quincy to recover the unpaid balance under its invoice. In response, Quincy filed a motion to dismiss the complaint, asserting that TSR was barred from recovery for its failure to qualify to do business in Alabama. The trial court denied the motion.
The case was tried without a jury, and on October 29,1997, the trial court entered a judgment, awarding TSR $2,000. The trial court subsequently denied TSR’s requested attorney fees.
TSR appeals, raising several issues. Quincy cross-appeals.
We find the dispositive issue, as asserted by Quincy in its cross-appeal, to be whether the trial court erred in failing to dismiss TSR’s complaint based on TSR’s failure to qualify to do business in Alabama.
In Wallace Construction, Inc. v. Industrial Boiler Inc., 470 So.2d 1151, 1152 (Ala.1985), our supreme court stated the following:
“[Section 10-2B-15.02, Ala.Code 1975(1994 rep. vol.)] bar[s] a foreign corporation not qualified to do business in Alabama from enfprcing its contracts in the courts of this state. [This law applies, however,] only when the business conducted in this state by the non-qualified corporation is intrastate in nature. A non-qualified foreign corporation is not barred from enforcing its contracts in Alabama when its activities within this state are incidental to the transaction of interstate business.”
(Citations omitted.)
On appeal TSR contends that its activities within Alabama, i.e., providing the major component part and repairing the carousel, constituted interstate business because, it says, these activities were incidental to the sale of the major component part. Quincy, on the other hand, contends that TSR’s activities regarding the repair of the carousel constituted intrastate activity and that TSR is precluded, as a matter of law, from enforcing its contract in this state.
In the case of In re Delta Molded Products, Inc., 416 F.Supp. 938, 942-43 (N.D.Ala.1976), aff'd, 571 F.2d 957 (5th Cir. 1978), the district court, in applying Alabama law, elaborated on certain activities characterized as incidental to the transaction of interstate business:
“As a necessary adjunct to the basic contract [i.e., the sale of the machinery], IMPCO furnished experts to come into Alabama and assemble the machines, put them in operation, train DELTA employees in the operation thereof, perform warranty maintenance and repairs as well as ordinary maintenance and repairs. These activities are totally essential to the basic contract but are only incidental thereto and do not constitute intrastate commerce. It must be remembered that the machines involved here are highly sophisticated complex machines designed and intended to be used for a specific purpose and that only specially trained highly qualified experts were capable of working on them. The record discloses that there were no persons to be found in Alabama toith the required expertise to perform this work. The agreement by IMPCO to perform this assembly, start-up, maintenance and repair work ivas totally essential to the accomplishment of the interstate transaction (the sale and purchase of the machines) agreed to by IMPCO and DELTA; and without such an agree *794 ment, DELTA could, not within reason have purchased the machines. With no other source of obtaining such essential services, no sale would have been made by IMPCO. Therefore, it is the opinion of this court that the performing of these services does not constitute intrastate commerce, but is merely incidental to the basic interstate transactions, although essential thereto. It is not a separate distinct undertaking by IMP-CO, but merely a part of the interstate agreement.”
(Emphasis added.)
It is clear that the carousel in the instant case is a highly complex and sophisticated piece of machinery, which is designed and intended for a specific purpose, and that only specially trained experts are capable of working on it. Hence, it would appear that the activities of TSR in assembling and installing the carousel at Quincy’s plant in Alabama were essential to the basic sale of the carousel.
The problem, however, arises with the subsequent repair work performed by TSR. As noted previously, the contract for the sale and purchase of the carousel did not contain a maintenance or warranty provision. Instead, the parties contracted for repairs on an “as-needed” basis. The record in this case reveals that there was another certified REMSTAR technician in Alabama capable of ordering the major component part and performing the necessary repair work. As noted previously, after the second “crash,” Quincy contacted a certified REMSTAR technician in Mobile, Alabama, who repaired the carousel. Quincy had used this same technician on other occasions.
Based on the foregoing, it is the opinion of this court that the subsequent repair work performed by TSR was not merely incidental to the sale of the major component part, but, was instead, a separate and distinct undertaking. Stated differently, the sale and purchase of the carousel was not dependent on TSR’s providing skilled expertise for subsequent maintenance and repairs, because other sources in Alabama existed for these specialized services. Therefore, since TSR’s activities in this state are deemed intrastate in nature, TSR is precluded, as a matter of law, from enforcing its contract herein. Ala.Code 1975, § 10-2B-15.02 (1994 rep. voL).
Consequently, the judgment of the trial court is reversed and remanded for proceedings not inconsistent with this opinion.
The foregoing opinion was prepared by Retired Appellate Judge Richard L. Holmes while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
CROSS APPEAL-REVERSED AND REMANDED.
APPEAL — DISMISSED AS MOOT.
All the judges concur.