227 So.2d 424

**CALVERT IRON WORKS, INC.**

v.

**ALGERNON BLAIR, INC.**

3 Div. 368.

Supreme Court of Alabama.

Oct. 9, 1969.

Jones, Murray, Stewart & Varner, Montgomery, for appellant.

Rufus M. King and Capell, Howard, Knabe & Cobbs, Montgomery, for appellee.

**656**

SIMPSON, Justice.

The plaintiff, appellant, is a foreign corporation not qualified to do business within the State of Alabama. It entered into a contract with the defendant, appellee, for the performance of certain work and the furnishing of certain materials in connection with additions to and alterations of Denny Stadium at the University of Alabama. Calvert Iron Works, Inc. is a nonresident corporation whose principal business is the sale and erection of structural steel. Algernon Blair, Inc. is a general contractor which had a contract to alter and enlarge Denny Stadium at the University of Alabama. A contract was entered into between these parties whereby Calvert agreed to furnish and erect certain steel for a specified price. The steel was furnished and erected, but Algernon Blair, Inc. withheld $52,237.09 from the amount due under the contract.

Calvert Iron Works sued the defendant in two counts, the first in code form for an account stated, and second, for breach of contract. The defendant interposed a plea setting up in defense Title 10, § 21(89), Code of Alabama, which in pertinent part is as follows:

"Foreign corporations not qualified to do business in the state; contracts or agreements; * * *—All contracts or agreements made or entered into in this state by foreign corporations which have not qualified to do business in this state shall be held to be void at the suit of such foreign corporation or any person claiming through or under such foreign corporation by virtue of said void contract or agreement; but nothing herein shall abrogate the equitable rule that he who seeks equity must do equity."

The single issue in this case is whether or not a foreign corporation not qualified to do business within the State of Alabama may maintain an action within this state for damages arising out of the failure of one party to a contract to pay the full amount due under the contract when the plaintiff has fully performed.

It is not denied that Calvert Iron Works was doing business in the State of Alabama in violation of § 232 of the Alabama Constitution of 1901, and of Title 10, § 21(92) and (94) of the Alabama Code. By the enactment of the statute quoted above the Alabama legislature has declared that a contract made in this state by a foreign corporation which has not qualified to do business in this state is "void at the suit of such foreign corporation". In Gray-Knox Marble Co. v. Times Building Co. et al., 225 Ala. 554, 144 So. 29, this court held that a suit brought by a nonqualified foreign corporation to enforce a mechanic's lien upon the Times Building in the City of Huntsville was subject to the defense supplied by the foregoing statute. There the defense set up was that the demand sued arose from engaging in business in Alabama and that the complainant there had not qualified to do business as required by the Constitution and statutes of the State. There the complainant had contracted to furnish and set interior marble in a building being constructed in Huntsville. The non-qualified foreign corporation furnished the marble pursuant to the contract and when it was not paid for the marble so furnished, brought a bill to enforce a mechanic's lien on the building. In that case it was held that

the complainant could not recover because it was a foreign corporation doing business in the State of Alabama, not having qualified to do business in accordance with the Constitution and statutes of the State. This court has repeatedly held that when a foreign corporation comes into the State of Alabama, and does business in the State of Alabama, entering into contracts pursuant to such business, that such contract may not be enforced in the courts of this State. American Amusement Co. v. East Lake Chutes Co., 174 Ala. 526, 56 So. 961; Muller Manufacturing Co. v. First National Bank of Dothan, 176 Ala. 229, 57 So. 762; Gray-Knox Marble Co. v. Time Building Co. et al., supra. It has frequently been observed that:

> " * * * the severe rule which enables one to accept and appropriate the valuable material and labor of another without payment therefor works grave injustice, yet the public policy clearly written into our law in order that foreign corporations may be subject to the process of our courts, thus affording mutuality of remedy, cannot be stricken down by judicial decision." Gray-Knox Marble Co. v. Times Building Co. et al., supra.

 The appellant argues that a different rule should obtain in this case because the suit involved here is on an executed contract, with nothing remaining to be done except the payment of money by the defendant. Nothing in the foregoing statute supports such a contention, nor do we find any support for this contention in cases construing that statute. It has been held that when a contract has been fully executed by the parties, resulting *property* rights are enforceable in the courts of this state by *possessory* action, notwithstanding the original invalidity of the contract by reason of the plaintiff's non-compliance with the statutes of the State of Alabama. Capitol Lumber Co. v. Mullinix, 208 Ala. 266, 94 So. 88. However, the plaintiff in

this case is not seeking to enforce a property right by a possessory action. It, therefore, can taken nothing from this principle.

It follows, therefore, that the trial court correctly held that the defense interposed was good.

Affirmed.

MERRILL, COLEMAN, BLOODWORTH, and MADDOX, JJ., concur.