265 So.2d 863

**BIRMINGHAM TERMINAL ASSOCIATES, INC., a Corporation and Winfield Moon**

v.

**UNITED PRODUCE AND PRODUCTS EQUIPMENT COMPANY, Inc., a Corporation.**

**6 Div. 913.**

Supreme Court of Alabama.

July 20, 1972.

Daniel H. Markstein, III, Birmingham, for appellant.

Arthur J. Hanes, Jr., Birmingham, for appellee.

MADDOX, Justice.

The principal question presented by this appeal is whether a foreign corporation which had not qualified to do business in this state can maintain this action to enforce specifically an alleged agreement to lease real property.

Two corporations, United Produce and Products Company and United Produce and Products *Equipment* Company, are involved in this proceeding. United Produce and Products Company was an Alabama corporation engaged in produce hauling. United Produce and Products *Equipment* Company was a Delaware corporation organized in October, 1969. For convenience, in view of the similarity of the names of the two corporations, they will be referred to as the Alabama corporation and the Delaware corporation. H. P. Warlick was president of both corporations.

The evidence tended to show that the Alabama corporation leased a lot in Birmingham Food Complex Terminal from Birmingham Terminal Associates, appellant here. The lease was for a ten-year period, to run from March 1, 1969 to February 28, 1979. In 1969 Warlick began negotiations with Berman Leasing Corporation to have a building constructed on the leased lot. Construction was started but not completed.

Subsequently, in September, 1969, the Alabama corporation entered into a contract with Contractors, Inc. to erect a building on the leased premises. The Alabama corporation made progress payments to Contractors, Inc., beginning September 17, 1969. The Alabama corporation paid approximately $50,000 to Contractors, Inc. for construction of the building which was completed in early 1970.

One of the disputed issues of fact is whether the Alabama corporation or the Delaware corporation constructed the building.

The rental agreed upon by the Alabama corporation for the vacant lot was $300 per month, payable on the first day of each month. The rent was not paid for September, October and November, 1970, and Birmingham Terminal Associates [hereinafter referred to as BTA] terminated the lease and filed an unlawful detainer action against both the Alabama and Delaware corporations.

On February 10, 1971, the Delaware corporation filed the bill in this cause. The complaint sought specific performance of an alleged lease between BTA and the Delaware corporation whereby BTA would lease to the Delaware corporation the same premises originally leased to the Alabama corporation under the same terms and conditions at the same rate.

We first address the issue of the right of the Delaware corporation to maintain the action since it had not qualified to do business in Alabama at the time suit was filed. The Delaware corporation was organized on October 27, 1969 to buy and sell produce and equipment; to rent equipment and to transact the business of a motor common carrier. There was some testimony that the primary purpose of the Delaware corporation was to remove the assets of the Alabama corporation from the reach of its creditors. The Alabama corporation was in bankruptcy at the time of trial.

The evidence shows that the Delaware corporation had its principal place of busi-

ness in Alabama, that it maintained no office in any other state, that it leased some trailers and tractors to the Alabama corporation, and that it had employees who greased trucks, serviced them and did billing work.

Whether a foreign corporation is or is not "doing business" within the state is a mixed question of law and fact. Marcus v. J. R. Watkins Company, 279 Ala. 584, 188 So.2d 543 (1966). Under the facts of this case there is no question but that the Delaware corporation was "doing business" in Alabama and had not qualified to do business.

Section 232 of our 1901 Constitution provides:

"No foreign corporation shall do any business in this state without having at least one known place of business and an authorized agent or agents therein, and without filing with the secretary of state a certified copy of its articles of incorporation or association. Such corporation may be sued in any county where it does business, by service of process upon an agent anywhere in the state. . . ."

Section 89 of the "Alabama Business Corporation Act," Act No. 414, Acts, 1959, carried in the 1958 Recompiled Code as Title 10, § 21(89), provides:

"Foreign corporations are qualified to do business in this state: Contracts or agreements of: Service on.—All contracts or agreements made or entered into in this state by foreign corporations which have not qualified to do business in this state shall be held to be void at the suit of such foreign corporation or any person claiming through or under such foreign corporation by virtue of said void contract or agreement; but nothing herein shall abrogate the equitable rule that he who seeks equity must

do equity. In all suits against such foreign corporation or against any person claiming under such foreign corporation by virtue of such void contract, the foreign corporation or such person claiming under it shall be held to be estopped from setting up the fact that the contract or agreement was so made in violation of law. In all actions against foreign corporations who have not qualified to do business in this state as provided by law, the summons or other process may be served upon the officer, agent or employee of the foreign corporation who acted for or represented such foreign corporation in making the contract or agreement sued upon."

 The Delaware corporation, not having qualified to do business in Alabama could not maintain this action. This court has repeatedly held that when a foreign corporation comes into the state of Alabama, and does business in the state of Alabama, entering into contracts pursuant to such business, not having qualified to do business as required by law, that such contract may not be enforced in the courts of this state. Calvert Iron Works, Inc. v. Algernon Blair, Inc., 284 Ala. 655, 227 So.2d 424 (1969), and cases therein cited.

The Delaware corporation contends that the acts which it did in Alabama did not constitute the doing of business in the exercise of the corporate function but were only incidental acts not a part of the corporate function and the rule this Court announced in Friedlander Bros. v. Deal, 218 Ala. 245, 118 So. 508 (1928) applies.

Assuming the rule announced in *Friedlander,* supra, is still correct,[1] the facts of *Friedlander* are materially different from the facts of this case. In this case, the evidence shows affirmatively that the principal place of business of the Delaware corporation was in Birmingham and, in fact,

1. In Marcus v. J. R. Watkins Company, 279 Ala. 584, 188 So.2d 543 (1966), this Court noted that the Supreme Court of the United States had adopted a new approach or new test to be used in determining what constituted doing business.

most, if not all, the acts performed by the corporation were done in Alabama.

We conclude, therefore, that the Delaware corporation was doing business in Alabama and had not qualified as required by law and consequently could not maintain this action seeking to enforce an alleged contract to lease premises to it.

Having ruled as we have, we find it unnecessary to determine which corporation constructed the building. We do note that the Alabama corporation made payments to the contractor both prior to and subsequent to the creation of the Delaware corporation.

In view of what we have held, the judgment of the trial court is due to be reversed and remanded.

Reversed and remanded.

HEFLIN, C. J., and MERRILL, HARWOOD and McCALL, JJ., concur.