265 So.2d 850

**COMPUTAFLOR COMPANY, Inc.,**
**a corp.**

**v.**

**N. L. BLAUM CONSTRUCTION CO.,**
**a corp.**

**4 Div. 435.**

Supreme Court of Alabama.

July 27, 1972.

Ramsey & Johnson, Dothan, for appellant.

Lee & McInish, Dothan, for appellee.

PER CURIAM.

This is an appeal by the plaintiff. In substance, the only question presented is the propriety of the trial judge in giving the general affirmative charge in favor of the defendant.

The appellant's complaint sought $10,404.82 damages from the appellee for breach of a written contract entered into between the parties on October 4, 1966, by the terms of which the appellant agreed to furnish all of the necessary labor and materials to substantially complete the wooden gymnasium floors in four new gymnasiums being constructed at four high schools in Houston County, Alabama, according to certain specifications provided for in a

contract between the appellee and the Houston County Board of Education, the appellee being the prime contractor with the Houston Board of Education. The appellant averred that it substantially complied with the contract and that the appellee has only paid a portion of the consideration and has refused to pay the balance due thereon.

While the appellee filed several pleas, it is only necessary to consider Plea 6 for a determination of the issues involved herein. Plea 6 was as follows:

"(6) Defendant avers that Plaintiff was a foreign corporation organized and existing under the laws of the State of Florida at all times mentioned in said count. Defendant further avers that it is not indebted to Plaintiff, for that Plaintiff's claim is based upon a contract or agreement made and entered into in the State of Alabama by Plaintiff, at which time Plaintiff had not qualified to do business in the State of Alabama, nor has Plaintiff since qualified to do business in the State of Alabama. Wherefore, Defendant avers that said contract or agreement is void."

The appellant's replication was to the effect that it was engaged in interstate commerce at the time the written contract was made, that said contract was solicited through interstate channels, that materials, equipment, personnel, plans, and specifications were furnished and provided by the appellant to the appellee through interstate channels, that materials were placed in interstate channels for use in the construction contemplated by the contract, and that it was engaged in interstate commerce at the time it entered into the written contract and continued to be so engaged.

The evidence material to the issues in this matter was as follows: The appellee, an Alabama corporation, mailed to the appellant, a Florida corporation, a bid card. The appellant subsequently responded to this solicitation by mailing their bid to the appellee, and, in response to the bid, they

received a subcontract. When the subcontract was mailed from the appellee to the appellant, no signature appeared thereon, and upon receipt thereof, the appellant's president executed the contract on behalf of the appellant and it was mailed back to the appellee, whereupon it was signed on behalf of the appellee and a copy returned to the appellant.

The appellee was the general contractor for the construction of four gymnasiums in Houston County. The contract between the parties hereto was a subcontract whereby the appellant agreed to furnish all necessary labor and materials to substantially complete the wooden gymnasium floors according to the plans and as outlined in the specifications and was to receive the sum of $25,500 for the performance of its work. The specifications as to the gymnasium flooring provided as follows: "Gymnasium flooring shall be Robbins 'Iron-bound' type by Robbins Flooring, Ishpeming, Michigan, Ahonen Lumber Company, Ironwood, Michigan, Yawke-Bissel, White Lakes, Michigan, or an approved equal." The flooring was ordered by the appellant from Ahonen Lumber Company of Ironwood, Michigan, and was delivered to Houston County. Officers or agents of the appellant then, on various occasions, performed the following labor upon each of the four floors: Alternating layers of mastic and felt were applied to the concrete floor slabs; the wooden floor was laid upon the last coat of mastic; the floors were sanded; and two coats of a sealer and two coats of varnish were applied.

A witness, who was the president of the appellant during the time involved, testified that the appellant had never qualified to do business within the State of Alabama and had never filed a certified copy of the articles of incorporation or association with the Secretary of State of the State of Alabama. An exhibit was introduced into evidence which was a certificate of the Secretary of State to the effect that an examination of the foreign corporations on

file in that office disclosed no corporation by the name of Computaflor Company, Inc.

At the conclusion of the testimony, the trial judge gave the general charge in favor of the defendant; the jury returned a verdict in accordance with said instructions, and a judgment was rendered favorable to the defendant.

The contract between the parties was entered into in Alabama between an Alabama corporation and a Florida corporation which had never qualified to do business in the State of Alabama pursuant to applicable provisions of the Constitution of Alabama and of the Code of Alabama.

The first sentence of § 232 of the Alabama Constitution provides as follows:

"No foreign corporation shall do any business in this state without having at least one known place of business and an authorized agent or agents therein, and without filing with the secretary of state a certified copy of its articles of incorporation or association."

The court is not concerned with the Code requirements of Title 51, § 339 et seq., as amended, inasmuch as there is no proof that the qualifying fee required thereby was not paid.

We are, however, concerned with those Code provisions contained in Title 10, § 21(89)–(96). Section 21(90) requires that, before engaging in or transacting any business in this state, every foreign corporation shall file with the Secretary of State a certified copy of its articles of incorporation or association and shall designate a known place of business in this state and an authorized agent residing thereat. Section 21(89) states that all contracts or agreements made and entered into in this state by foreign corporations which have not qualified to do business in this state shall be held to be void at the suit of such foreign corporation. An exception to the above Code sections is provided in § 21(96) whereby such provisions do not apply to corporations engaged in or transact-

ing business of interstate commerce only within this state.

As stated by the appellant, the issue is whether or not the appellee could elect to declare the subject contract void or whether this was a transaction of interstate commerce.

The courts generally hold that interstate commerce is distinguishable from building and construction work. " * * * a foreign corporation doing construction work within a state is held to be doing business in that state and is not exempted from local regulation by the fact that it brings materials or laborers into the state." 15 Am.Jur.2d, Commerce, § 29.

The decisions of this court echo such rule.

"It is evident that, had the transaction in question involved no more than the sale and delivery of the machinery by the plaintiff to the defendant in Alabama, it would have been an act of interstate commerce, to which the laws of Alabama are not and could not be applicable. But the contract was not for the sale of machinery. It was an entire contract for transporting and assembling (that is, building into a structure) certain materials on the defendant's premises. This included, as set forth in the complaint, and replication both labor and materials; and the fruition of the contract was not the delivery of an article of commerce to the defendant, but the erection of an improvement on its premises for a gross consideration. Beard's Case, 71 Ala. 60.

"In doing this there can be no doubt but that the plaintiff was doing business in Alabama, became subject to its laws with respect thereto, and was not within the protection of the principles that render interstate commerce immune against local regulation. Certainly labor is not an article of commerce, nor is the agreement to supply it, nor the execution of the agreement, an act of commerce."

American Amusement Co. v. East Lake Chutes Co., 174 Ala. 526, 56 So. 961.

In a like vein, the holding of this court in George M. Muller Manufacturing Company v. First National Bank of Dothan, 176 Ala. 229, 57 So. 762, was as follows:

"The contract shows more than an ordinary sale, and in its entirety covers the furnishing of material and the erection of same in a specified manner, as well as many other acts, such as the construction of brick wall, wainscoting, tinting, and the doing of divers things, in addition to supplying the material, and therefore includes the doing of business in this state as previously defined by this court."

In Gray-Knox Marble Co. v. Times Building Co., et al., 225 Ala. 554, 144 So. 29, the marble company subcontracted with the defendant to furnish *and set* marble floors and wall wainscoting, but could not recover under the contract because it had never qualified to do business in Alabama.

One of our latest cases in point is Calvert Iron Works, Inc. v. Algernon Blair, Inc., 284 Ala. 655, 227 So.2d 424, where a non-qualified foreign corporation subcontracted to and did furnish *and* erect certain steel in connection with additions to and alterations of Denny Stadium. It was there held that they could not recover from the general contractor because of Title 10, § 21(89), supra.

 Had the contract required the appellant only to furnish flooring materials, such clearly would have been interstate commerce and enforceable. However, the appellant not only furnished materials, but also labor in applying the mastic and felt, in laying the flooring, in sanding the floors, in sealing the floors, and in applying a hard varnish finish. Under the above authorities, the appellant clearly violated § 232 of the Constitution and the above-cited Code provisions and is prohibited from recovering herein. While the rule may appear to be harsh, it is a part of this state's Constitution and statutes and

cannot be ignored or eliminated by judicial decision.

The issue in this case, therefore, must be held favorably to the appellee, who elected to declare the subject contract void because of the appellant's failure to qualify to do business in this state. The trial court correctly gave the general charge in favor of the appellee. The judgment of the lower court must be affirmed.

The foregoing opinion was prepared by EDWARD N. SCRUGGS, Circuit Judge of the 27th Judicial Circuit of Alabama, under assignment to temporary duty on this court as to this case by appointment of the Chief Justice, as provided by law, and was adopted by the court as its opinion.

Affirmed.

HEFLIN, C. J., and MERRILL, COLEMAN, HAREWOOD, and MADDOX, JJ., concur.