This is an appeal from a summary judgment in favor of the plaintiff. The issue in this case is whether a foreign corporation can recover damages upon a cause of action based on contract if the foreign corporation was not qualified to do business in Alabama at the time the contract was made, but qualified before the performance of the contract was complete. The trial court held the foreign corporation could not recover damages. We affirm. *Page 877 
The trial court's findings are pertinent here:
 "(a) Duncan Construction Co., Inc., as Contractor, and City of Sheffield, Alabama (defined for the purposes of such contract as Sheffield Motel Enterprises, Inc.), as Owner, made and entered into an agreement dated December 3, 1980, for the construction of a motel in Sheffield, Colbert County, Alabama.
 "(b) Under the terms of the contract dated December 3, 1980, (referred to in (a) above), Duncan Construction Co., Inc. agreed to engage Sanjay, Inc. for project manager for the construction of a motel in Sheffield, Alabama (Holiday Inn) — "the project."
 "(c) Thereafter on January 16, 1981, Duncan Construction Co., Inc. made and entered into a contract with Sanjay, Inc. for the furnishing of certain work, labor and materials in and about the construction of said motel in Sheffield, Alabama. In such contract Duncan Construction Co., Inc. is described as `Contractor' and Sanjay, Inc. is described as `Subcontractor.'
 "(d) All work and labor contemplated in both of said contracts mentioned above was for the construction of a motel in Sheffield, Alabama, i.e. such contracts were to be wholly performed within the State of Alabama.
 "(e) At all times hereinabove mentioned, Sanjay, Inc. was a foreign corporation not qualified to do business in the State of Alabama. Sanjay, Inc. was a foreign corporation not qualified to do business in the State of Alabama at the time it commenced furnishing work, labor and materials in and about the construction of said motel in Sheffield, Alabama. Sanjay, Inc. did not qualify to do business in the State of Alabama until September 18, 1981, more than eight (8) months after it commenced furnishing work, labor and materials in and about the construction of such motel. [We would only add the contract continued to be performed until February of 1982, as shown by affidavits of the appellant.]
 "The Court makes no findings of fact as to the following:
 "(i) whether or not Sanjay, Inc. has any standing to sue under that contract dated December 3, 1980; and
 "(ii) whether or not either of said contracts was executed within or without the State of Alabama;
 for that it affirmatively appears that the subject matter of both contracts and the work contemplated thereunder were to be wholly performed within the State of Alabama and Sanjay, Inc. was a foreign corporation not qualified to do business in the State of Alabama on the date of the execution of said contracts and was not so qualified to do business in the State of Alabama when it commenced furnishing work, labor and materials in and about the construction of said motel in Sheffield, Alabama.
 "Sanjay, Inc. has argued orally and in brief that the prefabricating of materials outside the State of Alabama for the sole purpose of ultimately being used in the construction of a motel in Alabama and the performance of accounting and engineering functions outside the State of Alabama necessitated by the performance of a contract to build a motel in the State of Alabama take this case outside the rule of law hereinafter set forth. The Court does not agree. If such were the case, the public policy of this state as expressed in our Constitution and statutes could be flaunted by virtually any foreign corporation in the construction business. The Court takes judicial notice that many component parts of any structure to be erected in the State of Alabama are often fabricated outside the State of Alabama and any foreign corporation doing construction business in the State of Alabama will perform accounting and engineering functions outside the state. If such prefabricating and performance of ministerial functions outside the State of Alabama had the effect argued by Sanjay, Inc., the public policy of this state would be frustrated and defeated. *Page 878 
 "Our appellate courts have consistently ruled that foreign corporations doing business in this state without lawful qualification cannot use our courts to enforce [their] contracts. Such interpretation applies whether the contract is void because made in this state under Section 10-2A-247 or whether made outside the state. Where the contract is to be performed in this state, as in the case sub judice, regardless of where entered into, and in the performance the non-resident corporation must engage in business in this state, although the contract is valid, the public policy of this state, as evidenced by the Constitution (Ala. Const., Art. XII, § 232), and statutes, compels the courts of this state to refuse their aid to such offending corporation in the enforcement of such contract or recovering benefits accruing thereunder. This Court need not consider whether or not any contract was void under § 10-2A-247 to reach the result herein set forth."
Sanjay, Inc., the appellant, filed a mechanic's lien in the probate court of Colbert County against Duncan Construction Company, the appellee, for $270,000. After this action was filed, Duncan filed a declaratory judgment action in the circuit court of Colbert County naming Sanjay, the City of Sheffield, and Sheffield Motel Enterprises, Inc. as defendants. Duncan sought to quash the mechanic's lien and to recover $130,000 allegedly paid by Duncan to Sanjay mistakenly, and sought a declaration that the contract between Duncan and Sanjay was unenforceable and void.
Sanjay answered, asserted a counterclaim seeking enforcement of the lien, filed a cross-claim against the City of Sheffield, and joined Aetna Insurance Co. (the mortgagee) and Sheffield Motel Enterprises, Inc. as third-party defendants. Duncan and Sanjay each filed motions for summary judgment. After a hearing on August 20, 1982, the trial court granted Duncan's motion and dismissed Sanjay's counterclaim as based upon a void and unenforceable contract. On January 18, 1983, the City of Sheffield filed a motion for summary judgment. The trial court entered a summary judgment in favor of all parties and against Sanjay on the original complaint on March 24, 1983. Sanjay appealed from the summary judgment in favor of Duncan.
In its brief here, as at the hearing below, Sanjay candidly concedes that it was not qualified to do business in Alabama before and at the time the contracts were made. Sanjay did not qualify to do business in Alabama until eight months after work began on the motel, but did qualify approximately five months before the dispute arose.
First, we point out the standard of review in summary judgment cases: there must not be a genuine issue as to any material fact and the moving party must be entitled to summary judgment as a matter of law. Trust Company Bank v. State ofAlabama, 420 So.2d 10 (Ala. 1982); Reed v. Ray, 409 So.2d 814
(Ala. 1982); Isbell v. City of Huntsville, 295 Ala. 380,330 So.2d 607 (1976); Ala.R.Civ.P. 56 (c). This is the same standard which the trial court must apply. Long v. Banker'sLife and Casualty Co., 294 Ala. 67, 311 So.2d 328 (1975).
Sanjay argues that issues of fact were in dispute. It claims that the situs of the making of the contract was in dispute and that there were some questions about the place of performance. Of course, material issues of fact must not be in dispute,Trust Company Bank, supra, but as the trial court correctly pointed out, it was not necessary to determine where the contract was executed, Boles v. Midland Guardian Co.,410 So.2d 82 (Ala.Civ.App. 1982); Citizens National Bank v. Bucheit,14 Ala. App. 511, 71 So. 82 (1916); see also Lee v. Great NorthernNekoosa Corp., 465 F.2d 1132 (5th Cir. 1972); the only issue was the enforceability of the subcontract agreement. As theBucheit court stated:
 "Where the contract is to be performed in this state, although not entered into here, and in the performance the non-resident corporation must engage in business in this state, although the contract is valid, the policy of the *Page 879 
state, as evidenced by the Constitution and statutes, compels the courts of the state to refuse their aid to such offending corporation in the enforcement of such contract or recovering the benefits accruing thereunder."
Bucheit, supra, 14 Ala. App. at 514, 71 So. at 86 (1916).
The Bucheit court cited Alabama Western Railroad Company v.Talley-Bates Construction Co., 162 Ala. 396, 50 So. 341 (1909). In Talley-Bates, the Court opined:
 "The statute requires that an instrument in writing shall be filed with the Secretary of State before engaging in or transacting any business in this state. Its purpose has been stated. That purpose is not to be accomplished by a filing at the pleasure of the corporation, or when it may be to its interest to appeal to the courts of this state. We may safely affirm that nothing short of a compliance before any business is engaged in or transacted in this state satisfies either the literal requirement of the statute and Constitution or their policy." (Emphasis added.)
Talley-Bates, supra, 162 Ala. at 408, 50 So. at 344 (1909).
A foreign corporation cannot enforce a contract which is to be performed in Alabama if the foreign corporation has failed to qualify to do business in Alabama on or before the date the contract is made. The acts of Sanjay constituted doing business in Alabama. Boles v. Midland Guardian Co., supra; KentuckyGalv. Co., Inc. v. Continental Gas Co., Inc., 335 So.2d 649
(1976); see Talley-Bates, supra, wherein the foreign corporation attempted to avoid the prohibition by claiming it was not performing the contract, but had hired subcontractors to build a railroad in Alabama.
Sanjay next argues that the conduct of the appellee, Duncan, brings this case within the equity exception within Code 1975, § 10-2A-247 (a):
 "All contracts or agreements made or entered into in this state by foreign corporations which have not obtained a certificate of authority to transact business in this state shall be held void at the action of such foreign corporation or any person claiming through or under such foreign corporation by virtue of said void contract or agreement; but nothing in this section shall abrogate the equitable rule that he who seeks equity must do equity. . . ."
This Court has previously spoken regarding this so-called equity exception of Code 1975, § 10-2A-247, in First Bank ofRussell County v. Wells, 358 So.2d 435 (Ala. 1978), wherein Justice Shores, speaking for the Court, stated:
 "As this Court said in Jones v. Americar, Inc., 283 Ala. 638, 643; 219 So.2d 893, 896 (1969): `We think
 that which is prohibited in the Alabama statutes are suits on contracts by unqualified corporations. . . .' We would add — and only such suits. This Court has consistently held that foreign, nonqualified corporations are not denied enforcement of property rights by our statute." (Emphasis added.)
First Bank of Russell County, supra, 358 So.2d at 437 (Ala. 1978); see Calvert Iron Works, Inc. v. Algernon Blair, Inc.,284 Ala. 655, 227 So.2d 424 (1969).
This provision in the statute does not alter the law that an unqualified foreign corporation cannot recover on contract. As was said of the action in C.C. Products, Inc. v. PremierIndustrial Corp., 290 Ala. 179, 275 So.2d 124 (1972), any way you slice it, the action in this suit was ex contractu.
Sanjay next argues that because it qualified to do business during the performance of the contract, it is entitled to recover on the contract. This argument is based upon language found in Day v. Ray E. Friedman and Co., 395 So.2d 54 (Ala. 1981). The Day court relied upon Montgomery Traction Co. v.Montgomery Light and Water Power Co., 229 F. 672 (5th Cir. 1916). In Day, supra, a commodities broker, not qualified to do business in Alabama at the time an employment contract was signed, brought suit against an employee on a *Page 880 promissory note signed by its employee after the broker had qualified to do business. The trial court granted summary judgment in favor of the foreign corporation and the employee appealed. On original hearing, we affirmed, in part, reversed, in part, and remanded. An application for rehearing was granted. The issue we were concerned with in Day, supra, was whether there was a scintilla of evidence in favor of the non-movant which would make summary judgment improper. We held that summary judgment was not proper based on several grounds. We must admit that there is language in Day, supra, which would suggest that a foreign corporation which qualifies to do business in this state during the performance of a contract is entitled to recover on the contract, but Day should be carefully read in view of the particular facts of that case. The law of this state is that a foreign corporation which has not qualified to do business in Alabama at the time of the contract cannot use Alabama courts to enforce that contract. InSea Scaping Const. Co., Inc. v. McAtee, 402 So.2d 919 (Ala. 1981), this Court stated the rule as follows:
 "The bar created by the Constitution and statutes has been upheld when the pleadings and evidence showed that the foreign corporation had failed to comply with this state's laws of qualification `before and at the date of the contract. . . .' Cable Piano Co. v. Estes, 206 Ala. 95, 89 So. 372 (1921). This position has been affirmed repeatedly. See, e.g., Calvert Iron Works, Inc. v. Algernon Blair, Inc., 284 Ala. 655, 227 So.2d 424 (1969); Computaflor Company, Inc. v. N.L. Blaum Const. Co., 289 Ala. 65, 265 So.2d 850 (1972); Birmingham Terminal Associates, Inc. v. United Produce and Products Equipment Co., Inc., 289 Ala. 80, 265 So.2d 863 (1972); C C Products, Inc. v. Premier Industrial Corp., 290 Ala. 179, 275 So.2d 124 (1973) (such a contract does not give rise to any implied legal duty). See also Foxco Ind., Ltd. v. Fabric World, Inc., 595 F.2d 976 (5th Cir. 1979).
 ". . . [The Alabama view is] that compliance must occur when the contract was made."
Sea Scaping Const. Co. v. McAtee, supra at 921.
In Day there were several reasons, not pointed out in the opinion, which authorized the foreign corporation to sue in Alabama courts. The contract sued upon was a promissory note executed by an employee of the foreign corporation, and the note was executed after the corporation had qualified to do business in Alabama. Some of the money Day owed the foreign corporation "consisted of debts Day incurred as a result of personal losses while trading in commodities. . . ." 395 So.2d at 56. In view of the particular facts in Day, the result this Court there reached is sound, because in some instances a foreign corporation may use Alabama courts to enforce agreements for business performed in this state made by it at a time when it had not qualified to do business. Cf. KentuckyGalv. Co., Inc. v. Continental Gas Co., Inc., 335 So.2d 649
(Ala. 1976), and Johnson v. M.P.L. Leasing Corp., 441 So.2d 904
(Ala. 1983). The facts of Day more closely approximate those of the last cited cases.
Sanjay lastly argues the foreign corporation falls outside the bar because the contract involved interstate commerce, as was true in Kentucky Galv. Co., Inc., supra. The appellant, Sanjay, is correct when it states that where sufficient interstate commerce is involved, our Constitution and statutes cannot bar enforcement of contracts in Alabama courts by foreign corporations not qualified to do business in Alabama.Kentucky Galv. Co., Inc., supra; First Inv. Co. v. McLeod,363 So.2d 774 (Ala.Civ.App. 1978). The appellant is incorrect when it argues that it is not involved in sufficient intrastate
commerce to bring it within the bar. See Computaflor Co. v.N.L. Blaum Const. Co., 289 Ala. 65, 265 So.2d 850 (1972);American Amusement Co. v. East Lake Chutes Co., 174 Ala. 526,56 So. 961 (1911).
This case involves a contract for the performing of construction activities, the *Page 881 
building of a motel in Alabama. There is a difference between "contracts requiring only the furnishing of materials, andcontracts requiring the seller to perform constructionactivities." Kentucky Galv. Co., Inc. v. Continental Gas Co.,Inc., 335 So.2d at 651 (Ala. 1976). (Emphasis added.) From the contract signed by the parties, along with the affidavits, it is obvious that more was involved in this contract than the mere "sale and delivery of materials" into Alabama. KentuckyGalv. Co., Inc., supra, 335 So.2d at 651.
Our Constitution and statutes have created a bar precludingenforcement of contracts made by foreign corporations that failed to qualify before and at the date of the contract, where the contract is to be performed in Alabama. Sea Scaping Const.Co., Inc. v. McAtee, 402 So.2d 919 (Ala. 1981); Cable Piano v.Estes, 206 Ala. 95, 89 So.2d 372 (1921).
This Court, like its predecessors, recognizes the harshness of this rule; however, it is our duty to uphold the principles established by our Constitution and statutes. The judgment, therefore, must be affirmed.
AFFIRMED.
FAULKNER, JONES, SHORES, EMBRY and BEATTY, JJ., concur.
TORBERT, C.J., and ADAMS, J., dissent.
ALMON, J., not sitting.