NEW CONCEPT INDUSTRIES, INC., a corporation, Plaintiff,

v.

Comer F. GREEN, Defendant.

Civ. A. No. 86–H–696–N.

United States District Court,
M.D. Alabama, N.D.

Nov. 3, 1986.

Hill, Hill, Carter, Franco, Cole & Black, Robert W. Bradford, Jr., Montgomery, Ala., for plaintiff.

Lynn W. Jinks, III, Union Springs, Ala., Melton & Espy, Michael S. Jackson, Montgomery, Ala., for defendant.

## MEMORANDUM OPINION

HOBBS, Chief Judge.

This cause is now before the Court on defendant's motion for summary judgment, filed August 13, 1986. The Court is of the opinion that this motion should be denied.

## FACTS

Plaintiff, New Concept Industries, Inc., (New Concept) is a Delaware corporation with its principal place of business in Aberdeen, Mississippi. On October 9, 1985, New Concept negotiated a contract with defendant, Comer F. Green, (Green) in Aberdeen, Mississippi for the construction of pre-fab modular motel units. New Concept manufactured these units in Mississippi and installed them in Union Springs, Alabama. During the negotiations, Green had assured New Concept that he would take "all necessary steps to see that New Concept complied with Alabama laws." (Affidavit of Sara Bowen) Furthermore, the one-page contract clearly stated that de-

fendant would "be responsible for securing all permits necessary for the construction of this building in accordance with all city and state requirements...."

During the installation of the pre-fab units in Union Springs, Green was dissatisfied with the construction materials and workmanship. He withheld payment. Plaintiff filed a lien on the Union Springs property and sued for breach of contract. Defendant counterclaimed for breach of contract and fraud. Defendant has moved for summary judgment on plaintiff's claim on the ground that plaintiff is a foreign corporation not qualified to do business in this state under the provisions of Ala.Code § 10–2A–247 (1980). This Court finds that New Concept is a foreign corporation not qualified to do business in the state, but for equitable reasons New Concept is not barred from enforcing the contract.

*Legal Consideration*

Foreign corporations qualify to do business by filing an application with the Secretary of State, Ala.Code § 10–2A–243 (1980). Alabama law provides that a foreign corporation not qualified to do business in this state may not enforce its contracts but can have its contracts enforced against it, Ala. Code § 10–2A–247(a) (1980). As a practical matter, this statute allows an Alabama corporation to enforce its contracts against a foreign corporation, but the foreign corporation may not counterclaim on that same contract, unless it has qualified to do business in Alabama, *see Sanjay, Inc. v. Duncan Construction Co., Inc.*, 445 So.2d 876 (Ala.1983).

Courts have recognized the harshness of this rule and its potential for injustice. The Eleventh Circuit has characterized this statute as penal in nature and because it is in derogation of common law the rule must be strictly construed, see *Aim Leasing Corp. v. Helicopter Medical Evacuation, Inc.*, 687 F.2d 354 (11th Cir.1982); *Hughes Associates, Inc. v. Printed Circuit Corp.*, 631 F.Supp. 851 (N.D.Ala.1986). Alabama courts and legal commentators have criticized this rule for its harshness. *See San-*

*jay, supra,* at 881 (Torbert, C.J., dissenting). Note, *Sanctions For Failure to Comply with Corporate Qualification Statutes: An Evaluation,* 63 Colum.L. Rev. 117 (1963); Note, *Sanjay, Inc. v. Duncan Construction Co: Alabama Refuses Equity's Knock and Closes Another Door on Unqualified Foreign Corporations,* 36 Ala.L.Rev. 715 (1985). The type of punitive sanctions imposed for violation of the Alabama qualification statute does not enjoy wide acceptance. As Chief Justice Torbert explained in his *Sanjay* dissent: "Alabama is one of four states which permits a party to elect to hold void a contract with a non-qualified foreign corporation." *Sanjay, supra,* at 881 (Torbert, C.J., dissenting).

■■ This rule is limited to businesses conducting *intrastate* activities, *see In re Delta Molded Products*, 416 F.Supp. 938 (N.D.Ala.1976), *aff'd,* 571 F.2d 957 (5th Cir. 1978). Businesses conducting *interstate* activities are not covered by this rule. New Concept argues that it was engaged in essentially *interstate* activities. These pre-fab units were manufactured in Mississippi with Mississippi employees. New Concept was only in Alabama for a relatively short time to connect the units to one another in Union Springs, Alabama. New Concept offers *Delta Molded Products, supra,* as support for its position. The Court rejects this argument.

The rule created by Alabama qualification statutes comprises "substantive" state law; therefore, this Court must apply this rule in accordance with state court decisions, *see Aim Leasing Corp.*, supra. New Concept argues that *Delta Molded Products, supra,* establishes criteria which would compel this Court to characterize this construction project as *interstate* activity. However, *Delta Molded Products* involved the installation and operation of complex machinery; this case involves construction. Alabama decisions are clear that construction is *intrastate* in character, whereas the installation of complex machinery is *interstate* activity, *see Wallace Construction Co. v. Industrial Boiler Co.,*

470 So.2d 1151 (Ala.1985). The Alabama Supreme Court has specifically held that the implacement of prefabricated units constructed outside the state is intrastate activity which is covered by the qualification rule, *see Sanjay*, 445 So.2d at 880. This Court is bound by Alabama decisions which construe Alabama statutes; therefore, New Concept's activities are covered by this rule.

■ Alabama's qualification statute also expressly includes an equitable exception to this harsh rule. On the facts of this case New Concept falls within this equitable exception. The statute specifically states: "Nothing in this section shall abrogate the equitable rule that he who seeks equity must do equity...." Ala.Code § 10–2A–247(a) (1980). In this case, Mr. Green assured New Concept that he would take "all necessary steps to see that New Concept complied with Alabama laws." Moreover, the one-page contract provided that Mr. Green would "be responsible for securing all permits necessary for the construction of this building in accordance with all city and state requirements...." A reasonable construction of the parties' contract obliges the defendant to file the necessary application to qualify the plaintiff to do business in Alabama. His failure to submit this application should not be the basis for allowing defendant to bar plaintiff's recourse to the courts of this state.

■ Equitable estoppel promotes justice by preventing a party from asserting rights under a rule of law when the party's own conduct renders assertion of such rights contrary to equity and good conscience, *Mazer v. Jackson Insurance Co.*, 340 So.2d 770 (Ala.1976). The Alabama Supreme Court has denied enforcement of the qualification rule when equity demanded such a result, *Day v. Ray E. Friedman & Co.*, 395 So.2d 54 (Ala.1981). The basic elements of equitable estoppel are:

1) the actor, who usually must have knowledge of the facts, communicates something in a misleading way, either by words or conduct, or silence; 2) another relies upon that communication; and 3) the other party would be harmed materially if the actor is permitted to assert any claim inconsistent with his earlier conduct.

*Baker v. Hospital Corp. of America*, 432 So.2d 1281, 1285 (Ala.1983). These elements are satisfied in this case. Green cannot cause New Concept to be in violation of the qualification statute and then claim the statute's protection.

Defendant argues that the Alabama Supreme Court has refused to apply the equitable exception on facts similar to those in the instant case. The Alabama Supreme Court in *Sanjay* would not apply the equity exception even though the party seeking the protection of the statute had offered to "make it 'legal' to do the construction work in Alabama." *Sanjay*, 445 So.2d at 883. The case at bar is distinguishable because of the specificity of the oral representation and the presence of the provision in the one-page contract. If such an agreement of a party is insufficient to bring into operation the equitable exception created by statute, then this Court fails to understand how it would ever operate.

## CONCLUSION

New Concept is a foreign corporation not qualified to do business in this state and New Concept's intrastate activities are covered by the Alabama qualification statute. Nevertheless, the statutory equitable exception operates in this case to allow plaintiff to proceed with this action. Therefore, defendant's motion for summary judgment is due to be denied. A separate judgment will be entered in accordance with this memorandum opinion.