This is a contract dispute involving Alabama's "forum-closing" provisions, Alabama Code 1975, § 10-2A-247, and Art XII, § 232, Ala. Const. 1901, which bar foreign corporations from enforcing their contracts when they are not qualified to do business in Alabama. Building Maintenance Personnel, Inc., a Louisiana corporation, d/b/a BMPS, Inc., sued International Shipbuilding, Inc. ("International"), an Alabama corporation located in Mobile County, to enforce a contract between them. The trial court entered a partial summary judgment for International on the grounds that under § 10-2A-247 and Art. XII, § 232, Ala. Const. 1901, the contract was void because, when the contract was made, BMPS had not obtained a certificate of authority to transact business in Alabama. The partial summary judgment was made final under Rule 54(b), A.R.Civ.P. BMPS appeals. We affirm.
Rule 56, A.R.Civ.P., sets forth a two-tiered standard for determining whether to enter a summary judgment. In order to enter a summary judgment, the trial court must determine: 1) that there is no genuine issue of material fact and 2) that the moving party is entitled to a judgment as a matter of law. In determining whether a summary judgment was properly entered, the reviewing court must view the evidence in a light most favorable to the nonmovant. See Turner v. Systems Fuel, Inc.,475 So.2d 539, 541 (Ala. 1985); Ryan v. Charles Townsend Ford,Inc., 409 So.2d 784 (Ala. 1981). Rule 56 is read in conjunction with the "substantial evidence rule" (§ 12-21-12, Code 1975), for actions filed after June 11, 1987. See Bass v. SouthTrustBank of Baldwin County, 538 So.2d 794, 797-98 (Ala. 1989). In order to defeat a properly supported motion for summary judgment, the plaintiff must present "substantial evidence," i.e., "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v.Founders Life Assurance Co. of Florida, 547 So.2d 870, 871
(Ala. 1989).
A foreign corporation that has not been authorized to do business in Alabama is not barred from enforcing its contracts in the courts of this state, however, "unless the business conducted here by [the] nonqualified corporation is considered 'intrastate' in nature." Wise v. Grumman CreditCorp., 603 So.2d 952, 953 (Ala. 1992). Thus, the statutory and constitutional provisions do not bar enforcement of BMPS's contract if by that contract BMPS was conducting "interstate" business in this state. International, in support of its summary judgment motion, made a prima facie showing that the contract at issue here was of an "intrastate" character and that International was therefore entitled to a judgment as a matter of law. See Rule 56, A.R.Civ.P. We find in the record no substantial evidence to rebut that showing — i.e., BMPS presented no substantial evidence that its contractual activities in Alabama were "interstate" in nature.
We have carefully examined the record and the law in this case and we conclude that there was no evidence creating a genuine *Page 1305 
issue of material fact as to whether BMPS was engaged in intrastate commerce, and that International was entitled to a judgment as a matter of law.
The record reflects that BMPS is a Louisiana corporation engaged in the business of supplying temporary contract workers to employers, and that BMPS had not obtained a certificate of authority to transact business in Alabama when its Mobile branch manager, Jerry R. Thompson, signed a contract on its behalf with International. The contract was signed March 25, 1992, but BMPS did not qualify to transact business in Alabama until May 5, 1992.
BMPS argues that, because the workers supplied by BMPS were working on a "push boat," which International had a contract to build for the United States Corps of Engineers, the BMPS contract involved interstate commerce, rather than merely intrastate commerce. We disagree. The contract between BMPS and International was entirely separate from the contract with the Corps of Engineers. The BMPS contract was merely for the provision of local labor, as opposed to any interstate commodity. This Court has stated:
 "One area of business is quite clearly defined as intrastate, rather than interstate, activity. This Court has previously held that 'labor is not an article of commerce, nor is the agreement to supply it, nor the execution of the agreement, an act of commerce.' Computaflor v. N.L. Blaum Const. Co., 289 Ala. 65, 68, 265 So.2d 850, 852 (1972), citing American Amusement Co. v. East Lake Chutes Co., 174 Ala. 526, 530, 56 So. 961, 963 (1911). A construction contract supplying both material and labor is an example of the type of contract that is considered intrastate. See Sanjay, Inc. v. Duncan Const. Co., 445 So.2d 876, 879 (Ala. 1983) (sale, delivery, and supply of labor and management to construct prefabricated building is intrastate activity); Computaflor, supra, (sale, delivery, and labor to construct a gymnasium floor are intrastate activities); Caden-Allen, Inc. v. Trans-Lux News Sign Corp., 254 Ala. 400, 48 So.2d 428 (1950). . . ."
Green Tree Acceptance, Inc. v. Blalock, 525 So.2d 1366, 1370-71
(Ala. 1988). Further, the record reflects that the providing of the services of the workers furnished under the contract was not a "necessary," "essential," or "integral" part of the "interstate" contract for the building and sale of the push boat, but were incidental to the sale. Al Sarena Mines, Inc. v.SouthTrust Bank of Mobile, 548 So.2d 1356 (Ala. 1989); S HContractors v. A.J. Taft Coal Co., 906 F.2d 1507, 1511 (11th Cir. 1990).
For these reasons, we must reject BMPS's argument that the reported cases applying Alabama law do not dispose of this case, and we affirm on the authority of Haskew v. Green,571 So.2d 1029 (Ala. 1990); Green Tree Acceptance, Inc. v. Blalock, supra; Sanjay, Inc. v. Duncan Constr. Co., 445 So.2d 876 (Ala. 1983); and Wise v. Grumman Credit Corp., 603 So.2d 952 (Ala. 1992).
AFFIRMED.
HORNSBY, C.J., and MADDOX, HOUSTON and KENNEDY, JJ., concur.