On Application for Rehearing
The August 30, 1996, no-opinion order of affirmance is withdrawn and the following opinion is substituted therefor:
Sun Pointe Property, Inc. ("Sun Pointe"), sued Phenix CityCobb Health Care Authority, Inc. ("Phenix City"), alleging breach of contract with regard to the lease of a magnetic resonance imaging ("MRI") machine, a machine used in hospitals for diagnostic purposes. As a defense, Phenix City argued, among other things, that Sun Pointe, a foreign corporation, had failed to qualify to do business in Alabama, as is required by Article XII, § 232, Constitution of Alabama, 1901. Phenix City further argued that because Sun Pointe was not qualified to do business in Alabama, then it could not enforce its lease contract in this state, invoking § 10-2A-247(a), Ala. Code 1975.
Section 10-2A-247 was repealed in 1994, but remained in effect until January 1, 1995. However, Sun Pointe entered into the contract at issue before the repeal of § 10-2A-247; thus, Sun Pointe is subject to the statute. See Vines v. Romar Beach,Inc., 670 So.2d 901 (Ala. 1995).
Section 10-2A-247(a) provided:
 "All contracts or agreements made or entered into in this state by foreign corporations which have not obtained a certificate of authority to transact business in this state shall be held void at the action of such foreign corporation or any person claiming through or under such foreign corporation by virtue of said void contract or agreement. . . ."
Sun Pointe argued that it did not have to qualify to do business in Alabama, because it claimed to come under one of the exceptions to the statute. Specifically, Sun Pointe argued that its activities within the state were incidental tointer state commerce and that a nonqualified foreign corporation is not barred from enforcing its contracts in Alabama when its activities arise out of interstate business. See, Wallace Constr. Co. v. Industrial Boiler Co.,470 So.2d 1151 (Ala. 1985).
We disagree with Sun Pointe; we conclude that its activities in Alabama were intra state in nature. Sun Pointe moved one of its employees to Alabama for the sole purpose of servicing the MRI machine. Sun Pointe also had an employee move to Alabama so that he could train Phenix City's employees to operate the MRI machine. Sun Pointe retained the right to assist in the collection of unpaid bills generated by use of the machine. Sun Pointe also had the right to set the rates for use of the MRI machine. It had control as to which patients received services on the MRI machine and it retained the right to remove Phenix City's employees who operated the MRI machine if it found their work to be unsatisfactory.
This case is easily distinguishable from Johnson v. MPLLeasing Corp., 441 So.2d 904 (Ala. 1983), wherein a nonqualified foreign corporation's activities were found to be interstate. That foreign corporation merely solicited orders for the lease of a particular piece of machinery and subsequently delivered that machine. Sun Pointe's activities exceeded the mere solicitation of a lease and the delivery of a machine.
We note that this case is also distinguishable fromWallace, 470 So.2d 1151, wherein the Court held that the labor portion of the contract, which provided the labor to assemble, install, adjust, and start up a boiler, was incidental to the interstate sale of the boiler itself. The Court found that the boiler could not be assembled without persons familiar with the particular type of boiler and that the work could be done only in the state.
The Sun Pointe employees who were to service the machine and to train Phenix City's employees could have been supplied by Phenix City. In other words, the Sun Pointe employees were not supplying a service that was specific to Sun Pointe's MRI machine alone. Another maintenance worker or technician familiar with MRI machines could have done the work as well. Cf. Green Tree Acceptance, Inc. v. Blalock, 525 So.2d 1366
(Ala. 1988) (repairs to correct construction defects could have been supplied by any competent contractor). "[T]he providing of the services of the workers furnished [by Sun Pointe] under the contract was not a 'necessary,' *Page 799 
'essential,' or 'integral' part of the 'interstate' contract for [the lease of the MRI machine], but were incidental to the [lease]." Building Maintenance Personnel, Inc. v. InternationalShipbuilding, Inc., 621 So.2d 1303, 1305 (Ala. 1993).
Because Sun Pointe's activities pursuant to the contract constituted "transacting business in this state," within the meaning of § 10-2A-247, its failure to qualify on or before the date of the contract in question prevents Sun Pointe from enforcing the contract. Vines. Accordingly, the judgment of the trial court is reversed.
APPLICATION GRANTED; NO-OPINION ORDER OF AFFIRMANCE WITHDRAWN; REVERSED AND REMANDED.
ALMON, SHORES, HOUSTON, KENNEDY, COOK, and BUTTS, JJ., concur.
HOOPER, C.J., and MADDOX, J., dissent.