777 So.2d 62 (2000)
HAYS CORPORATION
v.
BUNGE CORPORATION.
1990375.
Supreme Court of Alabama.
April 28, 2000.
Modified on Denial of Rehearing July 14, 2000.
*63 Susan S. Wagner of Berkowitz, Lefkovits, Isom & Kushner, P.C., Birmingham, for appellant.
Robert H. Harris of Harris, Caddell & Shanks, P.C., Decatur, for appellee.
HOUSTON, Justice.
The plaintiff Hays Corporation appeals from a summary judgment entered in favor of the defendant Bunge Corporation.
Viewed in the light most favorable to Hays, the nonmovant in regard to the summary-judgment motion, the evidence suggests the following facts: In December 1997, Hays, a Georgia corporation, entered into a contract with Bunge to provide construction services (labor and material) to build certain facilities at the Bunge plant site in Decatur, Alabama; the parties entered into that contract in Alabama. When the contract was executed and while Hays was performing under the contract, Hays was not qualified to do business in Alabama, as Ala.Code 1975, § 10-2B-15.01, required it to be.
Bunge did not pay Hays what Hays claimed it was due under the contract; Hays sued Bunge, seeking a monetary recovery from Bunge on theories of breach of contract, open account, quantum meruit, and unjust enrichment and seeking to impose a materialman's or mechanic's lien on Bunge's property. Bunge moved to dismiss the action on the ground that Hays was not qualified to do business in Alabama. The trial court treated the motion to dismiss as a motion for a summary *64 judgment and set it for a hearing. In response to motions filed by Hays, the court extended Hays's time for submitting responsive materials and three times it extended the time for the hearing. Six days before the third hearing date, Hays attempted to amend its complaint to add a fraud claim and to challenge the constitutionality of Ala.Code 1975, § 10-2B-15.02.[1] The trial court did not allow the amendment, and it granted Bunge's motion for a summary judgment. Hays appeals from the summary judgment.
Alabama Code 1975, § 10-2B-15.02, bars a foreign corporation not qualified to do business in Alabama from enforcing in an Alabama court a contract it made in Alabama. The statute is penal in nature. Al Sarena Mines, Inc. v. South-Trust Bank of Mobile, 548 So.2d 1356, 1364 (Ala.1989); Burnett v. National Stonehenge Corp., 694 So.2d 1276, 1279 (Ala. 1997); Freeman Webb Invs., Inc. v. Hale, 536 So.2d 30, 31 (Ala.1988). An exception to this bar has been recognized for businesses engaged in interstate commerce. The Commerce Clause of the United States Constitution protects businesses engaged in interstate commerce from the bar of § 10-2B-15.02. Stewart Mach. & Eng'g Co. v. Checkers Drive In Restaurants of N. Am., 575 So.2d 1072, 1074 (Ala.1991).
We look to the facts of each case to determine whether the contract involves interstate commerce or intrastate commerce. Green Tree Acceptance, Inc. v. Blalock, 525 So.2d 1366, 1370 (Ala.1988). The construction contract at issue here involves intrastate commerce. "`A construction contract supplying both material and labor is an example of the type of contract that is considered intrastate.'" Building Maintenance Personnel, Inc. v. International Shipbuilding, Inc., 621 So.2d 1303, 1305 (Ala.1993) (quoting Green Tree Acceptance, Inc. v. Blalock, 525 So.2d at 1370-71, which cited Sanjay, Inc. v. Duncan Constr. Co., 445 So.2d 876, 879 (Ala.1983), for the proposition that the "sale, delivery, and supply of labor and management to construct prefabricated building is intrastate activity"). See also, Gray-Knox Marble Co. v. Times Bldg. Co., 225 Ala. 554, 144 So. 29 (1932); Calvert *65 Iron Works, Inc. v. Algernon Blair, Inc., 284 Ala. 655, 227 So.2d 424 (1969); Stewart Machine & Eng'g Co. v. Checkers Drive In Restaurants of N. Am., Inc., supra; Sanwa Business Corp. v. G.B. "Boots" Smith Corp., 548 So.2d 1336 (Ala.1989). Thus, the summary judgment was proper as to the breach-of-contract claim.
The summary judgment was also proper as to the other claims stated in Hays's complaint. Sanjay, Inc. v. Duncan Constr. Co., 445 So.2d at 880; Green Tree Acceptance, Inc. v. Blalock, 525 So.2d at 1372; Burnett v. National Stonehenge Corp., 694 So.2d at 1279.
The trial court did not abuse its discretion in disallowing Hays's amendment to its complaint. Puckett, Taul & Underwood, Inc. v. Schreiber Corp., 551 So.2d 979, 984 (Ala.1989); Government St. Lumber Co. v. AmSouth Bank, 553 So.2d 68, 70 (Ala.1989).
The summary judgment is affirmed.
AFFIRMED.
HOOPER, C.J., and MADDOX, LYONS, BROWN, JOHNSTONE, and ENGLAND, JJ., concur.
COOK and SEE, JJ., dissent.
COOK, Justice (dissenting).
Hays Corporation and Bunge Corporation are both foreign corporations. The trial court held that Ala.Code, 1975 § 10-2B-15.02(a), the "Door-Closing Statute," barred Hays's action. Six days before the hearing scheduled on Bunge's summary-judgment motion, Hays attempted to amend its complaint to add, among other claims, a fraud claim. The trial court struck that amendment, stating: "The Plaintiff's attempted inclusion of Counts Five and Six through the filing of its First Amendment to Complaint constitutes a veiled effort to spin tort and declaratory relief claims from an action that is clearly ex contractu."
This was essentially a contract for Hays to provide services or labor in Alabama. Thus, the trial court correctly concluded that the transaction at issue was intrastate in nature. Furthermore, the purported fraud claim was merely a rehash of the basic contract claims.
The reservation I have about this case, however, is the argumententirely unaddressed by the majority opinionthat the proper remedy would have been to dismiss the action without prejudice. That approach would have given Hays the opportunity to refile this action in a state in which Bunge does businessa state in which its contract claims might find a more favorable climate, and, in that connection, where Hays would avoid the potential statute-of-limitations problems attendant upon a dismissal with prejudice. Hays argues that the Door-Closing Statute does not require a dismissal with prejudice, pointing out that it states only that "[a] foreign corporation transacting business in this state without a certificate of authority ... may not maintain a proceeding in this state." (Emphasis added.) Significantly, neither Bungenor the majority responds to, or mentions, this argument. I am unaware of any reason why one foreign corporation cannot sue another foreign corporation outside the State of Alabama on the basis of a transaction entered into in Alabama and involving intrastate activities.
I dissent from the affirmance of the summary judgment. I think the Court should reverse that judgment and remand with instructions for the circuit court to dismiss Hays's action, without prejudice.
SEE, J., concurs.

On Application for Rehearing
HOUSTON, Justice.
APPLICATION OVERRULED.
COOK, SEE, and LYONS, JJ., dissent. [Justice COOK modifies his special writing of April 28, 2000.]
*66 LYONS, Justice (dissenting).
I respectfully disagree with Justice Cook's dissenting opinion on original deliverance where he contends that we should remand for a dismissal "without prejudice." However, I would grant the application for rehearing and modify the opinion to limit the scope of the "with-prejudice" aspect of the dismissal and to explain that the dismissal is with prejudice to the right to bring a subsequent action in the courts of this state. Otherwise, the Full Faith and Credit Clause of Art. IV, § 1, of the United States Constitution alone might require sister states to enforce the with-prejudice dismissal as a defense to an action filled outside this state. Whether a sister state must apply Alabama public policy in a subsequent action should be resolved on considerations other than the Full Faith and Credit Clause.
NOTES
[1] Since 1901, the Constitution of Alabama has required foreign corporations to properly qualify before doing any business in this state. See § 232, Constitution of 1901, as amended by Amendment 473. By the force of this constitutional provision, contracts of nonqualified foreign corporations entered into in Alabama are void. Computaflor Co. v. N.L. Blaum Constr. Co., 289 Ala. 65, 265 So.2d 850 (1972).

Since at least the adoption of the 1923 Code, the statutes of Alabama have declared contracts by nonqualified foreign corporations, entered into in Alabama, to be void and unenforceable by the foreign corporation in the courts of Alabama. Code of Alabama 1923, § 7220; Title 10, § 191, Code of Alabama 1940; § 10-2-254, Ala.Code 1975; § 10-2B-15.02, Ala.Code 1975, as amended.
This policy was briefly relaxed by § 15.02(c) of Act No. 94-245, enacted on March 21, 1994, to be effective January 1, 1995. Act No. 94-245 substantially revised the business-corporation laws of Alabama. Section 15.02(c) of the Act included a provision that permitted a stay of any judicial proceeding by a nonqualified foreign corporation pending its proper qualification.
However, when the Legislature next met in 1995, it revisited § 15.02(c) of Act No. 94-245, which had been codified as § 10-2B-15.02. By Act No. 95-663, it repealed § 10-2B-15.02 as enacted by Act No. 94-245, and enacted a new § 10-2B-15.02. In effect, Act No. 95-663 eliminated the provision that permitted a stay of judicial proceedings to permit qualification. Thus, by Act No. 95-663 the Legislature reimposed the same penal provisions of nonqualification of foreign corporations that had been a part of the public policy of Alabama since 1901.
While it may be conceded that the law of Alabama declaring void all contracts of nonqualified foreign corporations entered into in Alabama is penal in nature (Stewart Machine & Engineering Co. v. Checkers Drive In Restaurants of North America, Inc., 575 So.2d 1072, 1075) (harshness of rule recognized); Green Tree Acceptance, Inc. v. Blalock, 525 So.2d 1366, 1370, 1371 (Ala.1988) (application of rule required despite harsh provisions), this policy is not an accidental part of the law of Alabama; it has been deliberately fashioned.